Albert BELL, a minor, by his Step-father and Next Friend, Theodore D. Dorsey, and 23 other plaintiffs,

v.

Dr. Edwin L. RIPPY, as President of the Board of Trustees of the Dallas Independent School District, Dallas County, Texas, and 16 other defendants.

Civ. No. 6165.

United States District Court
N. D. Texas, Dallas Division.

Sept. 16, 1955.

W. J. Durham, C. B. Bunkley, Jr., Louis Bedford, Jr., Kenneth Holbert, U. Simpson Tate, J. L. Turner, Jr., Dallas, Tex., Robert L. Carter and Thurgood Marshall, New York City, for plaintiffs.

A. J. Thuss, Jr., Dallas, Tex., for defendants.

ATWELL, District Judge.

This suit seeks an injunction against the defendants who are the principals and officers of the Dallas Public Schools for having refused to permit the plaintiffs, who are Negroes and who sought admission to several different public schools, to matriculate therein.

The facts, as such facts as are well pleaded in both the original petition and answer, are admitted in open court, thus saving the introduction of a string of witnesses which would take time and multiplied costs.

This suit contains a prayer for the calling of a three-judge court and uses as a basis for that call, the unconstitutionality of segregation of the races, white and colored, in the schools of the United States.

The trial judge in the United States District Court is admonished against the expense and trouble of calling two other judges to sit with him in a trial. There is no constitutional provision of either the state, or, the nation, that is in controversy in this particular suit.

This same question was presented in the petition in the case of Battle v. Wichita Falls Junior College District, tried before me on November 27, 1951 at Wichita Falls. No attention was paid to the request for a three-judge court, and the case was tried by myself as the District Judge, alone.

In that case, as shown in 101 F.Supp. 82, the plaintiffs were colored people who had no such facilities near at hand as the Wichita Falls Junior College. That the nearest college of similar capacity and teaching, was in the southern part of Texas, approximately three hundred miles distant. The court, therefore, entered a peremptory injunction requiring the defendant to allow to matriculate the plaintiffs in that institution. That case was affirmed by the Circuit Court of Appeals, 5 Cir., 204 F.2d 632 and certiorari

812

denied by the Supreme Court of the United States, 347 U.S. 974, 74 S.Ct. 783, 98 L.Ed. 1114.

In that case the same counsel appeared for the plaintiffs as in this case.

Since that time the Supreme Court of the United States has entered a general decision declaring all attempted separation of the races in the United States is illegal and unconstitutional and directed that the school authorities and the lower courts work out a segregation plan. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884.

The facts in the present case show that there are 78 elementary white schools in the City of Dallas. That there are 18 elementary schools in the City of Dallas for the Negro population. It appears from the facts, of which the court has judicial knowledge, that the premises, conveniences, teaching, and efficiency for the colored student is furnished by the same Texas and Independent School funds as are furnished to the white students. The number of schools for the colored population is a slightly higher percentage than that furnished for the white population.

All of the law as declared by the various courts, appellate and trial, in the United States, are agreed upon the proposition that when similar and convenient free schools are furnished to both white and colored that there then exists no reasonable ground for requiring desegregation. An interesting case is McKissick v. Carmichael, 4 Cir., 187 F.2d 949. That case cites Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114. Many other cases are also cited in Battle v. Wichita Falls Junior College, D.C., 101 F.Supp. 82.

This is a suit in equity. The facts show, as I have already recited, that equal school opportunities are furnished to both colored and white. The direction from the Supreme Court of the United States requires that the officers and principals of each institution, and the lower courts, shall do away with segregation after having worked out a proper plan.

That direction does not mean that a long time shall expire before that plan is agreed upon. It may be that the plan contemplates action by the state legislature. It is not for this court to say, other than what has been said by the Supreme Court in that decision.

To grant an injunction in this case would be to ignore the equities that present themselves for recognition and to determine what the Supreme Court itself decided not to determine. Therefore, I think it appropriate that this case be dismissed without prejudice to refile it at some later date.