Albert **BELL**, a minor, by his stepfather and next friend, Theodore D. Dorsey, and 23 other Plaintiffs,

v.

Dr. Edwin L. **RIPPY**, as President of the Board of Trustees of the Dallas Independent School District, Dallas County, Texas, and 16 other Defendants.

Civ. No. 6165.

United States District Court
N. D. Texas, Dallas Division.

Dec. 19, 1956.

W. J. Durham, C. B. Bunkley, Jr., Louis Bedford, Jr., U. Simpson Tate, Dallas, Tex., for plaintiffs.

A. J. Thuss, Jr., Dallas, Tex., for defendants.

ATWELL, District Judge.

This case was originally filed in September, 1955, and the Court dismissed the case, after having heard testimony, without prejudice. 133 F.Supp. 811.

Plaintiffs appealed, and on May 25, 1956, the Circuit Court of Appeals, Brown v. Rippy, 5 Cir., 233 F.2d 796, through two of its judges, reversed, and directed the Trial Court to afford the parties a full hearing on the issues tendered in their pleadings. In his dissenting opinion, Chief Justice Cameron was most convincing and somewhat elaborate in his citation and reasoning, and announced that he would affirm the lower Court.

We must bear in mind that the laws of Texas, for a long time in existence and based upon a constitutional provision, provide for public schools which shall be financed out of and from taxation. For many years, the colored people of Texas have been their own teachers, and have had their own teachers and their own school facilities and pupils of their own color. The white people have had their own schools with appropriate facilities and teachers.

A year or two ago, the Supreme Court of the United States, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 691, 98 L.Ed. 873, on the question of segregation, stated, "We come then to the question presented: does segregation of children in public schools solely on the basis of race, even though the physical facilities and other 'tangible' factors may be equal, deprive the children of the minority group of equal educational opportunities? We believe that it does." That is the end of that quotation from the Supreme Court.

I believe that it will be seen that the Court based its decision on no law but rather on what the Court regarded as mere authoritative, modern psychological knowledge that existed at the time that the now discarded doctrine of equal facilities was initiated. It will be recalled that in 1952, Mr. Justice Frankfurter said it was not competent to take judicial notice of "Claims of social scientists."

The testimony, which has been fully developed under the pleadings of each side in this case, as directed by the majority opinion of the Circuit Court of Appeals, shows unmistakenly that competent teachers, equal school facilities, and text books, and all sorts of school paraphernalia are furnished to both the white and colored schools and pupils, and so the sole question for the determination of this Court of Equity is whether the keeping apart of the two races is a deprivation of any constitutional right. There is no complaint against the colored teachers, though we might quite appropriately inquire what would become of the colored teachers if and when the colored students are taken away from them. Is it possible, or, probable that the colored teachers would be hired to teach the white pupils? There is no complaint by the plaintiffs against the competency of the colored teachers nor

against the impediments, or, physical features of the school buildings and the school grounds, or the size.

Furthermore, the suggestion of the Supreme Court that the involved parties should studiously and carefully seek to integrate seems to have been attempted here; but so far has not succeeded; but it has not been abandoned by the school authorities. I think that the testimony shows completely that the school authorities here in charge of this Independent School District are certainly doing their very best to comply with the ruling of the Supreme Court of the United States. And that Court, it will be recalled, left it up to the school authorities and the local courts to further this integration process.

In the Wichita Falls Division, a few years ago, this Court tried a case brought by some colored children against the Midwestern University, which would not allow them to matriculate. The Court entered an order, after a full trial, allowing them to be admitted as students; because there was no near institution in which they could matriculate other than Prairie View, which was approximately three hundred miles distant. That case was affirmed by the Circuit Court of Appeals, and also by the Supreme Court of the United States.

It should also be borne in mind that the state statute requires separate schools for colored and white students. This suit is brought, therefore, under the national Civil rights provision of the Constitution, and not under the State statutes, as the counsel for the defendants contends here. There is no question here as to the administrative procedure or administrative course that should be followed. We have Civil rights for all people under the national Constitution, and I might suggest that if there are Civil rights, there are also Civil wrongs.

It seems to me, in view of the facts, that the white schools are hardly sufficient to hold the present number of white students; that it would be unthinkably and unbearably wrong to require the white students to get out so that the colored students could come in. That would be the result of integration here.

The facts reveal that there are about fifteen percent of the 119,000 students in Dallas that are colored, and the remainder of that vast number are, of course, white students. Dallas is constantly growing, as the testimony shows, and the School Board and City Council are constantly making further expenditures to increase school facilities for each white and colored, and I see no equity here, gentlemen, which would require an injunction which would compel integration as prayed and sought at the present time. I, therefore, dismiss this suit without prejudice in order that the School Board may have ample time, as it appears to be doing, to work out this problem.