**UNITED STATES of America, Plaintiff,**

v.

**Linda AH YUN et al., Defendants.**

**Crim. No. 73-13307.**

United States District Court, D. Hawaii.

Jan. 17, 1974.

---

Harold M. Fong, U. S. Atty., William J. Eggers, III, Asst. U. S. Atty., Honolulu, Hawaii, for plaintiff.

Brook Hart, Hart, Sherwood, Leavitt, Blanchfield & Hall, Honolulu, Hawaii, for Carl Oshima.

## RULING ON MOTION TO QUASH GRAND JURY INDICTMENT

PENCE, Chief Judge.

Defendant Oshima has filed a motion to quash the grand jury indictment on the grounds that no transcription or recording was made of the grand jury proceedings "thereby depriving Defendant of his right to equal protection under the laws guaranteed by the Fifth Amendment."

The government has stated in a preceding hearing that the grand jury proceedings in this case were not recorded or transcribed in any manner. The record does not disclose that defendant made a request that the grand jury proceedings be transcribed or recorded, before the grand jury returned the indictment.

The underlying basis for the motion is the allegation that the local rules for the Northern District of Illinois require that all grand jury proceedings be recorded. Similarly, the court for the District of Rhode Island ruled in 1969 that thereafter grand jury proceedings should be recorded.[1] Thus, complains the defendant, because rules in two districts out of 92 of the United States Courts require it, the failure on the part of the District of Hawaii to require recording of the grand jury proceedings in the instant case has violated defendant's "equal protection" rights under the Fifth Amendment, citing Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1955).

As The Court has said in *Bolling*; unlike the Fourteenth Amendment, the Fifth Amendment contains no equal protection clause and the only situations in which the two may be practically equated in meaning is where "discrimination may be so unjustifiable as to be violative of due process." 347 U.S. at 499, 74 S.Ct. at 694. Thus not every discrimination rises to the equivalent of denial of due process under the Fifth Amendment.[2]

Regardless of what the local rules might be in the Northern District of Illinois or the District of Rhode Island, this court has no such rule nor has the Ninth Circuit Court of Appeals yet demanded that it put one into effect in order to prevent the alleged discrimination. To the contrary, as set out in United States v. King, 478 F.2d 494 (1973), the rule in the Ninth Circuit is that the recording of grand jury testimony is still permissive rather than mandatory. Defendant's alleged "discrimination" has not yet been elevated to the ranks of the "unjustifiable."

The motion is denied, without hearing.

---

1. United States v. Youngblood, 379 F.2d 365 (2 Cir. 1967), also cited by movant, concerns itself with grand jury minutes not with grand jury transcripts of testimony, and as note 4, at 370, states, even in the Second Circuit, where stenographic minutes of grand jury proceedings have not been made, "we do not imply that a defendant is entitled as of right to minutes that do not exist."

2. *Cf.* Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304 (1943); Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441 (1938).