Delores DAVIS, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS, Respondent.

Ivy BOVEY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER & REGULATORY AFFAIRS, Respondent.

Nos. 88–5, 88–113.

District of Columbia Court of Appeals.

Argued June 27, 1989.
Decided July 25, 1989.

Alan J. Lander, for petitioners.

Martin B. White, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before TERRY and SCHWELB, Associate Judges, and GALLAGHER, Senior Judge.

SCHWELB, Associate Judge:

Petitioners Delores Davis and Ivy Bovey, both non-residents of the District of Columbia, were injured in separate accidents in the District caused by drivers who were without available insurance coverage.[1] They filed claims for personal injury protection (PIP) benefits pursuant to the Compulsory No–Fault Motor Vehicle Insurance Act of 1982, D.C. Law 4–155, D.C.Code § 35–2101 et seq. (1985 Supp.).[2] The District's Department of Consumer and Regulatory Affairs (the agency) denied the claims in conformity with former § 35–2106(e)(2), which provided that

> [n]o victim is entitled to personal injury protection benefits if, at the time of the accident resulting in injury
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> [B] That victim:
>
> (1) Was not a resident of the District.

See also § 35–2108(b) (1985 Supp.). Petitioners now seek review in this court, contending that the exclusion of non-residents from benefits deprived them of an assortment of rights said to be secured by the Constitution of the United States. They also claim that the discrimination against them on account of non-residency was inconsistent with the overall beneficial purposes of the statute, and that we should read the exclusion of non-residents out of the Act through statutory "construction." Finding these contentions unpersuasive, we affirm.

■ Petitioners first contend that the Act burdened their right to travel from one state to another. As the Supreme Court explained in Martinez v. Bynum, 461 U.S. 321, 328–29, 103 S.Ct. 1838, 1842–43, 75 L.Ed.2d 879 (1983), however,

A bona fide residence requirement, appropriately defined and uniformly applied, furthers the substantial state interest in assuring that services provided for its residents are enjoyed only by residents. Such a requirement with respect to attendance in public free schools does not violate the Equal Protection Clause of the Fourteenth Amendment. *It does not burden or penalize the constitutional right of interstate travel, for any person is free to move to a State and to establish residence there.* A bona fide residence requirement simply requires that the person *does* establish residence before demanding the services that are restricted to residents.

(Emphasis added).[3] *Accord, Memorial Hospital v. Maricopa County,* 415 U.S. 250, 254–55, 94 S.Ct. 1076, 1080–81, 39 L.Ed.2d 306 (1974); *Dunn v. Blumstein,* 405 U.S. 330, 342 n. 13, 92 S.Ct. 995, 1003 n. 13, 31 L.Ed.2d 274 (1972); *Shapiro v. Thompson,* 394 U.S. 618, 636, 89 S.Ct. 1322, 1332, 22 L.Ed.2d 600 (1969).[4] We are also persuaded by *Holly v. Maryland Automobile Insurance Fund,* 29 Md.App. 498, 501–02, 349 A.2d 670, 673 (1975), in which the court upheld a Maryland statute requiring that a claimant for payment of a judgment against an uninsured motorist under that State's unsatisfied claim and judgment fund law be a Maryland domiciliary, expressly rejecting a claim that the exclusion of those domiciled elsewhere unconstitutionally burdened the right to travel.

■ Petitioners next contend that the denial of PIP benefits to persons living outside the District contravened the Privileges and Immunities Clause of Article IV, Section 2 of the Constitution. This clause

---

**1.** Ms. Davis was struck in a hit and run accident by a truck with Virginia tags. Ms. Bovey was injured while she was the passenger of an uninsured driver.

**2.** In 1986, the Act was significantly modified, and the provisions pertinent to this appeal were repealed. *See* D.C. Law 6–96; D.C.Code §§ 35–2101 et seq. (1988 Supp.).

**3.** The word "does" is, however, italicized in the original.

**4.** These decisions, read together, establish that although certain *durational* residency requirements for state services may run afoul of the constitutional right to travel, the Court did not intend to "cast doubt on the validity of appropriately defined and uniformly applied *bona fide* residence requirements." *Dunn, supra,* 405 U.S. at 342 n. 13, 92 S.Ct. at 1003 n. 13.

prohibits discrimination against non-residents of a State with respect to their fundamental rights. *See Baldwin v. Montana Fish & Game Commission,* 436 U.S. 371, 381–84, 98 S.Ct. 1852, 1859–60, 56 L.Ed.2d 354 (1978). Petitioners argue that the right to travel is such a fundamental right. As we have seen, however, the right to travel is not implicated here. Eligibility for benefits from a state unsatisfied judgment fund, analogous to the District's assigned risk plan, was held not to be a fundamental right under the Privileges and Immunities Clause in *Law v. Maercklein,* 292 N.W.2d 86, 90–91 (N.D.1980). We agree with the Supreme Court of North Dakota in this regard.

■ Petitioners say that the denial of PIP benefits deprives them of the equal protection of the laws.[5] Residency is not a suspect classification, however, *Martinez, supra,* and our inquiry is limited to whether there was a rational basis for the legislation. *Id.* We agree with the court in *Law, supra,* that

> the classification is rationally related to the State's objective of limiting recovery to residents alone. This is a legitimate objective.

292 N.W.2d at 91. *Accord, Holly, supra,* 29 Md.App. at 502–03, 349 A.2d at 673–74.[6]

Petitioners attempt to distinguish *Martinez* and like cases on the ground that PIP benefits were not paid for by the taxpayers. Rather, insurers who sold automobile insurance in the District were assessed proportionally to the amount of PIP insurance written in the District by each insurer. *See* D.C.Code § 35–2108(a). Presumably, most or all of the cost of the assessment was passed on to District of Columbia motorists when they purchased automobile insurance; petitioners have offered no evidence to the contrary. In any event, petitioners have cited no authority, and we are aware of none, which has made the right of a State (or here of the District) to limit benefits to its citizens contingent on these benefits being paid out of tax revenues.

In *Hornstein v. Barry,* 560 A.2d 530 (D.C.1989) (*en banc*), this court recently restated with some emphasis that legislation is presumed to be constitutional, and that a party asking a court to invalidate a statute enacted by the elected representatives of the people must carry a very heavy burden indeed. The petitioners in this case have not met this burden.[7] Accordingly, the decisions appealed from must be and they are hereby

*Affirmed.*

**5.** The District of Columbia is not a State, and the equal protection clause of the Fourteenth Amendment is not applicable to it. *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). The Supreme Court has held, however, that the Due Process clause of the Fifth Amendment provides similar protections against discrimination to residents of the District. *Id.*

**6.** We find baseless petitioners' contention that the statutory distinction between residents and non-residents burdened interstate commerce. *See generally Hughes v. Alexandria Scrap Corp.,* 426 U.S. 794, 806, 96 S.Ct. 2488, 2497, 49 L.Ed. 2d 220 (1976).

**7.** We likewise discern no merit in petitioners' theory that, since the 1982 Act as a whole was, in their view, generous to everyone regardless of residence, we should "construe" the explicit exclusion of nonresidents out of the statute and award petitioners benefits for which the Council has expressly made them ineligible.