**Chris J. ZERVAS, Plaintiff,**

v.

**DISTRICT OF COLUMBIA,
et al., Defendants.**

**Civ. A. No. 91–117 SSH.**

United States District Court,
District of Columbia.

March 17, 1993.

Seth Goldberg, Christopher R. Conte, Paul A. Ades, Steptoe & Johnson, Washington, DC, for plaintiff.

Robin Alexander Smith, George C. Valentine, Asst. Corp. Counsel, Washington, DC, for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss or in the alternative for summary judgment, plaintiff's motion pursuant to Fed.R.Civ.P. 56(f), and plaintiff's supplemental motion to file a second amended complaint. On consideration of the entire record, the Court grants defendants' motion to dismiss in part and denies it in part. The Court grants plaintiff's motion pursuant to Rule 56(f), and therefore denies defendants' motion for summary judgment without prejudice. The Court also grants plaintiff's supplemental motion to file a second amended complaint.

Defendants assert numerous grounds to dismiss plaintiff's claims. The Court briefly addresses each of the issues that defendants raise.

█ 1. Defendants first contend that the District of Columbia Fire Department (DCFD) and the District of Columbia Office of Personnel (DCOP) are *non sui juris*. Plaintiff concedes that those agencies are not suable entities. (Plaintiff's Opp. at 2 n. 2.) Plaintiff argues that the DCFD and the DCOP are properly named as defendants to his retaliation claim under Title VII pursuant to the statutory definition of "employer." However, that definition expressly excludes "any department or agency of the District of Columbia." 42 U.S.C.A. § 2000e(b). Accordingly, the Court grants defendants' motion to dismiss with regard to defendants DCFD and DCOP.

█ 2. Defendants also have moved to dismiss plaintiff's claims pursuant to the Fourteenth Amendment. Plaintiff concedes that the Fourteenth Amendment does not apply to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 498–499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). Accordingly, the Court dismisses plaintiff's claim under that amendment.

█ 3. Defendants contend that plaintiff's race discrimination claim under 42 U.S.C.A. § 1983 is barred by the applicable three-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574, 102 L.Ed.2d 594 (1989); D.C.Code § 12–301(8). Plaintiff filed the complaint in this action in January 1991. Plaintiff's claim pursuant to § 1983 is based on the promotion of Danny Mott, an African American, to the position of Deputy Director of the Emergency Ambulance Bureau (EAB) of the DCFD in March of 1988. Plaintiff alleges that the selection was made on the basis of Mott's race. Plaintiff also alleges that defendants Barry, Coleman, and Thornton preselected Mott for the position in October 1987. Mott was "acting" Deputy Director at the time and remained in the "acting" position until the official announcement of his selection after a purported competitive selection process in March of 1988.

Defendants argue that plaintiff's claim is time-barred because he alleges that the actual selection occurred in October 1987.[1] Plaintiff's claim as to the March 1988 selection process was filed within the three-year statute of limitations. Plaintiff's claim is also timely to the extent that he relies on the alleged preselection in October 1987. Plaintiff was not aware of the facts constituting that cause of action until April 1989, when his counsel obtained a document referring to the alleged preselection through discovery. Until that time, plaintiff could not reasonably have known the facts surrounding the alleged preselection. It appeared that no permanent selection had been made for the position because Mott was "acting" Deputy Director and the DCFD solicited applications for the post. The statute of limitations did not begin to run until April of 1989. Thus, plaintiff's claim is not time-barred.[2]

■ The complaint alleges additional acts of discrimination that occurred over three years before the commencement of this action. Defendant has moved to dismiss plaintiff's claims based on those events. However, plaintiff does not assert any claims based on those allegations. Plaintiff contends that the alleged discriminatory acts are relevant to his § 1983 claim regarding the Deputy Director position. Accordingly, the Court denies defendant's motion to dismiss or for summary judgment as to the statute of limitations.

■ 4. Defendants argue that plaintiff's claims as to the individual defendants do not meet the heightened pleading standard for § 1983 claims against government officials. *See Hunter v. District of Columbia*, 943 F.2d 69 (D.C.Cir.1991). Plaintiff's complaint includes significant factual detail with regard to defendants Barry, Coleman, and Thornton, and asserts that each played a role in selecting Mott on the basis of his race. The Court finds that the allegations are sufficient to state a claim against each of those defendants under § 1983.

■ Plaintiff does not allege that defendants Kelly and Alfred were involved in the selection of Mott. Plaintiff contends that the complaint names those defendants in their official capacities, to ensure that any injunctive relief that the Court may grant is effective. In *Kentucky v. Graham*, the Supreme Court explained that "official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dep't of Social Svcs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978)). Kelly and Alfred are agents of the District of Columbia, which plaintiff also names as a defendant. Any injunctive relief that the Court might grant against the District of Columbia will be binding as to both defendants. Therefore, plaintiff's claims against Kelly and Alfred are unnecessary. The Court grants defendants' motion to dismiss with regard to defendants Kelly and Alfred.

■ 5. Defendants assert the defense of qualified immunity with regard to defendants Barry, Coleman, and Thornton. Qualified immunity shields government officials from civil damages incurred in the performance of a discretionary function "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Therefore, qualified immunity is not a bar to plaintiff's claim of intentional racial discrimination in employment. The Court denies defendant's motion as to the defense of qualified immunity.

■ 6. Defendants have moved to dismiss plaintiff's claim against the District of Columbia under § 1983. To prevail on

1. Defendant Coleman allegedly submitted a request for authorization to promote Mott on a permanent basis. The request indicated that it was submitted at the direction of defendant Barry.

2. In addition, plaintiff's allegations that defendants concealed the preselection through a sham application process is sufficient to support tolling the statute of limitations. *See Richards v. Mileski,* 662 F.2d 65, 69–70 (D.C.Cir.1981).

that claim, plaintiff must demonstrate that the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Plaintiff alleges that three officers of the District of Columbia, defendants Barry, Coleman, and Thornton, actively participated in the selection of Mott on the basis of his race. Thus, he alleges that the selection resulted from a policy "adopted and promulgated by the [District of Columbia's] officers." Accordingly, the Court denies defendant's motion to dismiss as to the § 1983 claim against the District of Columbia.

7. Defendants have moved to dismiss plaintiff's claim under 42 U.S.C.A. § 1985. To state a claim under this section, plaintiff must allege that the defendants acted pursuant to an agreement or a conspiracy to deprive plaintiff of equal privileges and immunities under the law. *Rochon v. FBI,* 691 F.Supp. 1548, 1558 (D.D.C.1988). Plaintiff's allegations regarding the joint efforts of defendants Barry, Coleman, and Thornton to promote Mott are sufficient to state a claim under § 1985. Furthermore, for the reasons set forth above, the alleged actions of those officials are sufficient to constitute a policy of the District of Columbia.. Therefore, the Court denies defendants' motion to dismiss plaintiff's claim under § 1985.

To the extent that defendants seek summary judgment and rely on matters outside the pleadings, the motion is premature. Plaintiff's motion pursuant to Rule 56(f) demonstrates that there are outstanding discovery matters that are relevant to defendant's motion and plaintiff's ability to oppose the motion. Accordingly, the Court denies defendants' motion for summary judgment without prejudice.

Plaintiff has moved to file a revised second amended complaint adding a claim of retaliation. Defendants oppose the motion asserting many of the same defenses set forth in the motion to dismiss the amended complaint. Having resolved those issues, the Court addresses only the issues relevant to the retaliation claim that plaintiff's second amended complaint adds. The second amended complaint sets forth the facts underlying the retaliation claim in sufficient factual detail to state a claim under § 1983, Title VII, and 42 U.S.C.A. § 1981. The Court also finds that plaintiff timely filed his retaliation claim under Title VII. Moreover, on December 11, 1992, plaintiff received a right-to-sue-letter and he is entitled to file an action seeking permanent relief under Title VII. *See* 42 U.S.C. § 2000e–5(f)(1) & (g). The Court concludes that adding plaintiff's retaliation claim to the pending claims would serve the interests of justice and judicial economy and will not unduly prejudice defendants. Therefore, the Court grants plaintiff's supplemental motion for leave to file a second amended complaint.

Accordingly it hereby is

ORDERED, that defendants' motion to dismiss is granted with regard to defendants the District of Columbia Fire Department, the District of Columbia Office of Personnel, Mayor Sharon Pratt Kelly, and Fire Chief Ray Alfred. The motion is also granted as to plaintiff's claim under the Fourteenth Amendment. It hereby further is

ORDERED, that the remainder of defendants' motion to dismiss is denied. It hereby further is

ORDERED, that plaintiff's motion pursuant to Rule 56(f) is granted. Defendants' motion for summary judgment is denied without prejudice. It hereby further is

ORDERED, that plaintiff's supplemental motion to file a second amended complaint is granted.

SO ORDERED.