BOLLING ET AL. *v.* SHARPE ET AL.

No. 8.   Argued December 10–11, 1952.—Reargued December 8–9, 1953.—Decided May 17, 1954.

*George E. C. Hayes* and *James M. Nabrit, Jr.* argued the cause for petitioners on the original argument and on the reargument.   With them on the briefs were *George M. Johnson* and *Herbert O. Reid, Jr.*   *Charles W. Quick* was also on the brief on the reargument.

*Milton D. Korman* argued the cause for respondents on the original argument and on the reargument.   With him on the briefs were *Vernon E. West, Chester H. Gray* and *Lyman J. Umstead.*

By special leave of Court, *Assistant Attorney General Rankin* argued the cause on the reargument for the United States, as *amicus curiae,* urging reversal. With him on the brief were *Attorney General Brownell, Philip Elman, Leon Ulman, William J. Lamont* and *M. Magdelena Schoch. James P. McGranery,* then Attorney General, and *Philip Elman* filed a brief on the original argument for the United States, as *amicus curiae,* urging reversal.

Briefs of *amici curiae* supporting petitioners were filed by *S. Walter Shine, Sanford H. Bolz* and *Samuel B. Groner* for the American Council on Human Rights et al.; by *John Ligtenberg* and *Selma M. Borchardt* for the American Federation of Teachers; and by *Phineas Indritz* for the American Veterans Committee, Inc.

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

This case challenges the validity of segregation in the public schools of the District of Columbia. The petitioners, minors of the Negro race, allege that such segregation deprives them of due process of law under the Fifth Amendment. They were refused admission to a public school attended by white children solely because of their race. They sought the aid of the District Court for the District of Columbia in obtaining admission. That court dismissed their complaint. The Court granted a writ of certiorari before judgment in the Court of Appeals because of the importance of the constitutional question presented. 344 U. S. 873.

We have this day held that the Equal Protection Clause of the Fourteenth Amendment prohibits the states from maintaining racially segregated public schools.[1] The legal problem in the District of Columbia is somewhat

---

[1] *Brown* v. *Board of Education, ante,* p. 483.

different, however. The Fifth Amendment, which is applicable in the District of Columbia, does not contain an equal protection clause as does the Fourteenth Amendment which applies only to the states. But the concepts of equal protection and due process, both stemming from our American ideal of fairness, are not mutually exclusive. The "equal protection of the laws" is a more explicit safeguard of prohibited unfairness than "due process of law," and, therefore, we do not imply that the two are always interchangeable phrases. But, as this Court has recognized, discrimination may be so unjustifiable as to be violative of due process.[2]

Classifications based solely upon race must be scrutinized with particular care, since they are contrary to our traditions and hence constitutionally suspect.[3] As long ago as 1896, this Court declared the principle "that the Constitution of the United States, in its present form, forbids, so far as civil and political rights are concerned, discrimination by the General Government, or by the States, against any citizen because of his race."[4] And in *Buchanan* v. *Warley,* 245 U. S. 60, the Court held that a statute which limited the right of a property owner to convey his property to a person of another race was, as an unreasonable discrimination, a denial of due process of law.

Although the Court has not assumed to define "liberty" with any great precision, that term is not confined to mere freedom from bodily restraint. Liberty under law extends to the full range of conduct which the individual is free to pursue, and it cannot be restricted except for a

---

[2] *Detroit Bank* v. *United States,* 317 U. S. 329; *Currin* v. *Wallace,* 306 U. S. 1, 13–14; *Steward Machine Co.* v. *Davis,* 301 U. S. 548, 585.

[3] *Korematsu* v. *United States,* 323 U. S. 214, 216; *Hirabayashi* v. *United States,* 320 U. S. 81, 100.

[4] *Gibson* v. *Mississippi,* 162 U. S. 565, 591. Cf. *Steele* v. *Louisville & Nashville R. Co.,* 323 U. S. 192, 198–199.

proper governmental objective. Segregation in public education is not reasonably related to any proper governmental objective, and thus it imposes on Negro children of the District of Columbia a burden that constitutes an arbitrary deprivation of their liberty in violation of the Due Process Clause.

In view of our decision that the Constitution prohibits the states from maintaining racially segregated public schools, it would be unthinkable that the same Constitution would impose a lesser duty on the Federal Government.[5] We hold that racial segregation in the public schools of the District of Columbia is a denial of the due process of law guaranteed by the Fifth Amendment to the Constitution.

For the reasons set out in *Brown* v. *Board of Education,* this case will be restored to the docket for reargument on Questions 4 and 5 previously propounded by the Court. 345 U. S. 972.

*It is so ordered.*

---

[5] Cf. *Hurd* v. *Hodge,* 334 U. S. 24.