NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GENE COMPTON'S CORPORATION and Golden Gate Restaurant Association, San Francisco Local Joint Executive Board of Culinary Workers, Bartenders and Hotel & Club Service Workers of the Hotel and Restaurant Employees and Bartenders International Union, AFL–CIO, and Miscellaneous Employees' Union, Local No. 110, AFL–CIO, Respondents.

No. 15557.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1959.

654

Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Robert E. Manuel, Attys., NLRB, Washington, D. C.

David Rubenstein, Carroll, Davis & Burdick, San Francisco, Cal., for respondents.

Before ORR, CHAMBERS, and BARNES, Circuit Judges.

ORR, Circuit Judge.

Respondents in a complaint filed with the National Labor Relations Board (hereafter the Board) were charged with unfair labor practices in that the respondent employers violated section 8(a) (3) & (1) of the National Labor Relations Act, 61 Stat. 140 (1947), 29 U.S. C.A. § 158 and that respondent labor organizations violated section 8(b) (1) (A) & (b) (2) of the Act.

After proceedings duly had, the Board found the respondents guilty of said charges and entered its order that certain named affirmative conditions be complied with.

Jurisdiction was based on the finding that the respondent Association was made up of member restaurants in California, Washington, and Oregon; that its members in 1955 had gross sales in the aggregate of $10,000,000; that they sold foodstuffs in excess of $100,000 to points outside the originating states, and that they purchased foodstuffs in excess of $2,000,000 outside of the state or states in which the restaurants were located. It was also found that the members of the Association bargained as a unit with respondent unions and that, as a result, they should be considered as a single employer for purposes of determining their effect on interstate commerce with respect to the jurisdictional standards of the Board.

From these facts, the Board decided that the employers were "engaged in commerce and that it would effectuate the policies of the Act to assert jurisdiction" and subsequently entered its findings, decree and order.

On the 20th day of May, 1957, the Board petitioned this court for enforcement of its order. Respondents in their answer contest the legality of the Board's order on the sole ground that the Board discriminatively assumed jurisdiction in the instant case in that it had refused to exercise jurisdiction in cases involving the hotel industry without regard to that industry's volume of business or impact on commerce.

While the contention presented for our consideration goes to the jurisdiction of the Board and centers around the alleged unlawful discrimination by the Board in the assumption of jurisdiction in chain restaurant cases and the non-assumption thereof in hotel cases, a

brief statement of the pertinent facts relating to the merits of the claim is deemed advisable.

One James T. Pope, a temporary employee of the respondent Gene Compton's, was asked by the management to take the place of a discharged employee, which he agreed to do. A representative of the respondent unions objected to this arrangement on the ground that Pope was not a member of the union and did not seem to have an inclination to become a member. At the time there was a security agreement (subsequently held to be unlawful) existing between Compton's, the Association, and the union requiring union membership as a condition of employment. Therefore the complaint of the representative was recognized and Pope was discharged and thereafter Pope made a complaint to the Board which, as we have said, held a hearing and found the discharge of Pope to be wrongful and imposed certain penalties.

Respondents pose the following question: may the Board having refused jurisdiction over the hotel industry assert jurisdiction over somewhat similarly situated employers and employees in the closely connected category of non-hotel restaurants? The Board took the view that it properly asserted jurisdiction in this case because it has:

(a) absolute discretion in determining when its jurisdiction will be exercised, and because

(b) the Board's diverse hotel and restaurant policies are historic and congressionally approved, and because

(c) budgetary considerations may require that different treatment be accorded similarly situated employers and employees.

■ We are persuaded that the recent opinion of the Supreme Court in Hotel Employees Local No. 255 Hotel and Restaurant Emp. and Bartenders Intern. Union v. Leedom, 79 S.Ct. 150, disposes of contention (a) made by the Board that it has absolute discretion as to when

and under what circumstances it will assert jurisdiction. The Supreme Court there held that jurisdiction could not be denied solely on the basis of a "long standing policy not to exercise jurisdiction over the hotel industry". But though the Board in the instant case defended its position on some grounds now found to be erroneous, there remains, in our estimation, an ample area which justifies its action in this case.

Respondents do not deny that the National Labor Relations Act, 61 Stat. 136 (1947), 29 U.S.C.A. § 151 et seq. gives the Board jurisdiction of the subject matter of this case, but rely upon a claim of unfairness in the assertion of that jurisdiction under the circumstances here involved. We recognize that in some circumstances action under a valid statute may be invalid because of unequal application of its provisions. Thus in Yick Wo v. Hopkins, 1886, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 the provisions of a statute valid upon its face were applied to the therein named petitioners and withheld as to others. The petitioners there were operating laundries in violation of a local ordinance which required laundries to be in certain types of buildings unless special permission was obtained from the Board of Supervisors. All of the persons fined or imprisoned under the statute were of Chinese descent, while Caucasians operating under similar circumstances were given permission by the supervisors to continue. When the matter reached the Supreme Court of the United States it held that the Chinese imprisoned for a violation of the ordinance must be released from custody since the law was applied discriminatively. The court pointed out the discriminatory aspects as follows:

"While this consent of the supervisors is withheld from them * *, 80 others, not Chinese subjects, are permitted to carry on the same business under similar conditions. The fact of this discrimination is admitted. No reason for it is shown

* * *.". (118 U.S. at page 374, 6 S.Ct. at page 1073.) [1]

In the instant case we find no such prejudicial discrimination.

 The record is devoid of sufficient evidence to justify a finding that the Board has refused to take jurisdiction of other businesses of a nature indistinguishable on relevant grounds from respondents. While the intermediate order of the Board indicates that the parties stipulated that the Board had refused jurisdiction in situations involving hotels whose activity in interstate commerce was similar to that of the restaurants here in many ways, there is no showing that the Board had been asked and had refused to take jurisdiction of hotel chain *restaurants* having comparable impact on interstate commerce; that such hotel restaurants are operated in a unified fashion, and that they bargain with labor unions as a unit as do the respondent employers here. Furthermore, there is no showing or allegation that the Board has refused jurisdiction over non-hotel chain restaurants with comparable impacts on commerce.

The question naturally arises: What would have been the result had the Board refused to take jurisdiction of the labor dispute here involved pursuant to the request of the injured party, and he then invoked the aid of the courts to compel action by the Board? Could the Board have justified its refusal to act on the ground that it was not exercising jurisdiction in the hotel cases? We think not. In such an event undoubtedly the Board would have found itself under the same legal compulsion as occurred in Hotel Employees Local No. 255 Hotel and Restaurant Emp. and Bartenders Intern. Union v. Leedom, 79 S.Ct. 150.

We find no prejudice to respondents in the instant case because of the Board assertion of jurisdiction. The unions themselves are in disagreement on this point. Different locals of the Hotel & Restaurant Employees & Bartenders International Union, AFL–CIO are taking different positions as to the effect of the Board asserting jurisdiction. In the instant case the local says it is prejudiced by the assertion of jurisdiction. In the Hotel Workers case the local there involved argued it was prejudiced by the refusal of the Board to assert jurisdiction. The Supreme Court of the United States has said that the local was right in the Hotel Workers case—we conclude that the showing before us compels the conclusion that the local here involved as well as all other respondents are wrong in the instant case.

It is ordered and decreed that the order of the Board be enforced.

protection of the laws is unconstitutional even though the 5th amendment contains no equal protection clause. See U.S. Const. Amend. V.

---

1. Respondents rely on Bolling v. Sharpe, 1954, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884, as establishing the proposition that federal action denying persons equal