Petition for Naturalization of Percival Alviar NISPEROS, A 18 037 101.

No. 401760.

United States District Court, C. D. California.

May 14, 1979.

Gary H. Manulkin, Los Angeles, Cal., for petitioner.

Sanford Reback, I. N. S., Los Angeles, Cal., for the United States.

### MEMORANDUM OF OPINION AND ORDER

HAUK, District Judge.

### I.

### BACKGROUND

Petitioner, PERCIVAL ALVIAR NISPEROS, was born on January 23, 1923, in San Fernando, La Union, Philippines. In 1944–45 he served in the Armed Forces of the United States, 121st Inf. USAFIP NL. Petitioner seeks naturalization under the expired Nationality Act of 1940, 56 Stat. 183.

Section 701 of that Act exempted alien servicemen serving the American cause from certain eligibility requirements. Section 702 provided that Immigration and Naturalization Service (hereinafter INS) agents would be present in various parts of the world to administer naturalization to qualifying servicemen. The Act, as amended, expired on December 31, 1946.

### II.

### STANDING

The fact that the INS withdrew its examiners from the Philippines during 1945–46 denied Petitioner the opportunity to decide whether to accept the invitation in Section 701 of the Act of 1940 to become an American citizen. This denial caused "direct and palpable injury" to Petitioner within *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), hereby conferring standing to raise the constitutional claim at issue. *Petition for Naturalization of Crispulo Columna Colmenar* (# 308–P–22551, S.D.Cal. March 20, 1979).

### III.

### THE INS' DISCRIMINATORY ADMINISTRATION OF § 702 VIOLATED PETITIONER'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION

Filipinos were by statute nationals of the United States, owing full allegiance to this country until Philippine independence on July 4, 1946, 48 Stat. 456, Section 2(a)(1). Therefore they were entitled to due process and equal protection under the Fifth Amendment. *Balzac v. Porto Rico*, 258 U.S. 298, 312–13, 42 S.Ct. 343, 66 L.Ed. 627 (1922); *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

 Any policy of discrimination based on national origin violates the constitutional right to equal protection unless the government can show a compelling reason to justify it. *Grahàm v. Richardson*, 403 U.S. 365, 371–2, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971). Here, the government has failed to justify its discriminatory administration of Section 702 with respect to Filipinos. Therefore, Petitioner has been deprived of due process and equal protection and the proper remedy is the allowance of naturalization pursuant to the Nationality Act of 1940, *Matter of Naturalization of 68 Filipino War Veterans*, 406 F.Supp. 931 (N.D.Cal.1975).

## IV.

### COLLATERAL ESTOPPEL

In *Colmenar, supra,* a recent decision in the Southern District, involving another Filipino war veteran, and the identical issue, the Court found as an alternative basis of decision that the government is barred by the doctrine of collateral estoppel from relitigating the constitutional issue raised by Petitioner.

"The INS was a party to the case of *Matter of Naturalization of 68 Filipino War Veterans, supra,* which in its treatment of Category II veterans addressed the identical issues raised here and reached a final judgment on the merits." (Opinion, p. 5.)

 It is the opinion of this court that since INS had the opportunity and in fact did fully initiate and litigate the issues raised in *Matter of Naturalization of 68 Filipino War Veterans, supra,* it is bound by the judgment of the United States District Court, Northern District of California.

THEREFORE,

1. Petitioner having appeared on December 18, 1978 before this Court which, upon hearing the Motion of Petitioner for Naturalization, and in consideration of all the facts and Points and Authorities on file herein, remanded this case for further investigation;

2. The case having come on for further hearing on May 7, 1979 subsequent to investigation and filing of a supplemental memorandum in support of the petition, and the Court having considered all the evidence and facts submitted, and having heard all argument on issues of law and fact;

The Court finds Petitioner eligible for naturalization under Section 701, the Nationality Act of 1940, and further finds Petitioner to be of good moral character.

Accordingly, IT IS ORDERED that the instant Petition For Naturalization be, and hereby is, granted.