Timothy Paul WARE,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 81–4617.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 25, 1983.

Decided Feb. 15, 1983.

Timothy Paul Ware, in pro. per.

David T. Wood, U.S. Atty., D. Paul Vernier, Agana, Guam, for respondent-appellee.

Before ELY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

PER CURIAM:

Relying on 28 U.S.C. § 2255, appellant Timothy Paul Ware commenced proceedings in the District of Guam to challenge his sentence. Ware had been sentenced in that district as an adult, the court having found that the Federal Youth Corrections Act (FYCA), 18 U.S.C. §§ 5005–5026, is inapplicable to a territorial court. The controlling statute provides "This chapter shall apply in the states of the United States and the District of Columbia," so there is some basis for the interpretation that Congress, either deliberately or by oversight, did not intend the Federal Youth Corrections Act to apply in the territories. Ware claims, however, that if the statute is so construed, the exclusion of territories denies him due process, and its equal protection component under Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), on the ground there is no rational basis for depriving a defendant of the benefits conferred by the FYCA simply because he is sentenced in a territorial district court. If territorial courts are excluded from the FYCA, the constitutional issue is a substantial one; but we decline to reach these questions at this stage of the case.

Neither this court nor the district court would face the underlying statutory and constitutional questions raised by Ware if

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

the district court determines now that given the seriousness of the crime ·or other circumstances of the case the FYCA would not have been applied in any event.

If the FYCA would have been applied by the district court but for the apparent statutory exclusion of the territories, then the court must reach the statutory and constitutional questions on the merits. If it would not have been applied in any event, however, the case is moot. The district court is requested, consistently with its other calendar commitments, to expedite its determinations on remand.

In the event there is any further appeal, the case will be referred to this panel of the court, which will entertain a motion to expedite the appeal on our docket.

REMANDED.