**UNITED STATES, Appellee,**

v.

**Lonnie J. MORRIS, Private, U.S. Army, Appellant.**

No. 53,606.
CM 445806.

U.S. Court of Military Appeals.

May 18, 1987.

For Appellant: *Colonel Brooks B. La Grua* (argued); *Lieutenant Colonel Paul J. Luedtke, Major Dale K. Marvin, Captain Wendell A. Hollis* (on brief); *Lieutenant Colonel William P. Heaston, Major John E. King, Captain Brian R. St. James.*

For Appellee: *Captain Carlton L. Jackson* (argued); *Colonel James Kucera,*

*Lieutenant Colonel Adrian J. Gravelle, Lieutenant Colonel Larry D. Williams* (on brief); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Robert L. Swann, Captain Laura G. Poston.*

## OPINION OF THE COURT

SULLIVAN, Judge:

Appellant was tried by general court-martial before military judge alone at Fuerth, Federal Republic of Germany, in late 1983 and early 1984. Contrary to his pleas, he was found guilty of attempted rape, attempted sodomy, and two specifications alleging his commission of lewd and lascivious acts upon a female under the age of 16 years, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934, respectively. He was sentenced[1] to a dishonorable discharge, confinement for 15 years, and total forfeitures. The convening authority approved the findings and sentence; the Court of Military Review affirmed these results.

We granted review of the following issue:

> WHETHER APPELLANT WAS DENIED A FAIR TRIAL BECAUSE HIS COUNSEL WAS REQUIRED TO INTERVIEW THE CHILD VICTIM IN THE PRESENCE OF A THIRD PARTY.

We hold that appellant was not denied a fair trial and affirm.

The alleged victim, Felicia, was 11 years old on June 14, 1983. Four days later, her parents held a party in her honor. Appellant, a friend of the family, attended that party and stayed overnight. According to Felicia, sometime during that evening, appellant entered the room where she was putting her brother to sleep and rubbed her breasts and vagina with his hands and left. The next morning he returned and again rubbed her breasts and vagina with his hands. He then allegedly attempted to force Felicia to engage in oral and anal sodomy as well as sexual intercourse. Failing in these endeavors, he ejaculated on the floor and then left the room to obtain a wash cloth to clean himself and the floor. He then reentered the room, rubbed the child's breasts and vagina again, kissed her on the lips, and attempted to force her to engage in oral sodomy. Felicia tried to resist but was overpowered. Appellant then returned to the bathroom and washed himself. Before leaving, he threatened physical harm to Felicia if she told anyone.

Charges were preferred on July 20, 1983. Five days later an Article 32 investigation officer was appointed. Defense-requested delays pushed the formal hearing back to September 1, 1983. In preparation for the hearing, trial counsel asked Felicia's parents if she could interview the child in private. At first the parents refused, but after talking to their daughter, they agreed.

Defense counsel also requested a private interview. The parents refused and contacted trial counsel, who advised them that the request could not be refused. The interview was arranged but the parents became "upset" when defense counsel objected to their presence and refused to allow a private interview. The parents again contacted trial counsel and expressed their opposition to the private interview. Trial counsel advised the parents that they had a right to insist on the presence of an uninvolved third party. She then suggested a particular neutral third party be present in their stead and conferred with defense counsel. After registering an objection, he acceded to the presence of Captain Martha Harvey, a judge advocate not involved in the case.

On August 24, 1983, a female defense investigator interviewed Felicia in the presence of Captain Harvey. Then on September 1, 1983, Felicia, who was accompanied by Captain Harvey, testified under oath at the hearing under Article 32, UCMJ, 10

---

1. The court-martial order reflects a reduction as part of the sentence but appellant was already a private E-1.

U.S.C. § 832, in response to questions from both trial and defense counsel. On December 16, 1983, trial counsel again interviewed Felicia in private. Thereafter, counsel took Felicia and her parents to observe an unrelated court-martial to familiarize them with the procedures in a criminal trial.

At trial, defense counsel moved "to dismiss ... based on the denial of the accused's equal protection rights to equal access to" government witnesses and "the denial of [his] due process rights ... to intelligently and adequately prepare his defense." The military judge found that trial counsel "exceeded the scope of the advice which ... should have [been] given to" Felicia's parents as to their rights.[2] However, he also found that the defense had "not been prejudiced" by the advice, so he denied the motion. *See United States v. Cumberledge*, 6 M.J. 203 (C.M.A.1979.)

■ Appellant concedes from the outset that a witness has no obligation to submit to a pretrial interview. We agree. *United States v. Killebrew*, 9 M.J. 154 (C.M.A. 1980). *See United States v. Black*, 767 F.2d 1334, 1338 (9th Cir.), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985). Nevertheless, he argues that in a situation involving a child-victim witness the real potential for fabrication exists which can become irrevocably reinforced by pretrial interviews. Accordingly, he submits that to allow trial counsel a greater opportunity to establish good rapport with the child and at the same time deny defense counsel equal access in effect permits the Government unfair leverage to reinforce a fabrication and encourages the child to view defense counsel as a "bad guy."

■ Appellant's equal-protection and due-process arguments[3] and his attendant claim that he was denied effective confrontation under the Sixth Amendment are predicated on his assertion that trial counsel "imposed the requirement of a third party's presence." *See United States v. Dupas*, 14 M.J. 28, 32 (C.M.A.1982); *United States v. Killebrew, supra; United States v. Enloe*, 15 U.S.C.M.A. 256, 35 C.M.R. 228 (1965); *United States v. Aycock*, 15 U.S.C.M.A. 158, 35 C.M.R. 130 (1964). The military judge, however, made no such finding as a matter of fact or law in this case. We note that evidence of record supports the opposite conclusion that the parents and the victim imposed this condition, not trial counsel. Accordingly, there is no factual basis for appellant's argument, and otherwise his claim is deficient as a matter of law. *See generally Colorado v. Connelly*, — U.S. —, 107 S.Ct. 515, 521–22, 93 L.Ed.2d 473 (1986).

■ Of course, we are aware that the military judge opined that trial counsel's advice to the parents went beyond that recommended by standards of the legal profession. However, this advice was given in the context of a repeated refusal by the parents to provide any pretrial access to the alleged victim by the defense. Moreover, it was given after trial counsel had advised the parents to accede to the defense-requested interview. Finally, it was consistent with dicta in *United States v. Enloe, supra* at 261, 35 C.M.R. at 233, which suggests such a condition is appropriate in cases involving juvenile witnesses. Such advice in this context does not violate Article 46[4] or the Sixth Amendment. *See* paras. 42c and 44g, Manual for Courts-Martial, United States, 1969 (Revised edition).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

---

2. *See* ABA Standards, The Defense Function § 4.3 Commentary c, pp. 230–31 (Approved Draft°1971); *see also ABA Standards For Criminal Justice* 4–4.3 Commentary p. 4.59 (2d ed. 1980).

3. The due-process clause of the Fifth Amendment encompasses the right to equal protection of the laws as to the United States. *See Bolling v. Sharp*, 347 U.S. 497, 73 S.Ct. 693, 98 L.Ed. 884 (1954). Equal access to witnesses is required by Article 46, Uniform Code of Military Justice, 10 U.S.C. § 846.

4. *See* n.3, *supra.*