UNITED STATES of America

v.

**David DIXON, Defendant.**

**No. 88 CR 231.**

United States District Court, E.D. New York.

May 23, 1989.

■■■■■■■■■

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (John R. Bolton, Asst. Atty. Gen., Robert Cynkar, Deputy Asst. Atty. Gen., Douglas Letter, Thomas Millet, U.S. Dept. of Justice, David C. James, Anne E. Kenner, Asst. U.S. Attys., of counsel), for U.S.

Allen Lashley, Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant David Dixon pleaded guilty on May 27, 1988 to a one count superseding indictment charging him with possessing cocaine base in violation of 21 U.S.C. § 841(a)(1). Because this offense took place after November 1, 1987, the Sentencing Reform Act of 1984 ("Act") requires that a sentence be imposed in accordance with the Sentencing Guidelines ("Guidelines").

In the instant motion,[1] defendant Dixon challenges the validity of the Act on the ground that the guidelines promulgated by the Sentencing Commission ("Commission") are so fundamentally unfair to him as to violate his right to equal protection applicable in such a case to the federal government through the due process clause of the Fifth Amendment. *See Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). Defendant contends that the Guidelines violate his right to equal protection because a sentencing judge is required by statute to state his reasons[2] for selecting a particular sentence within the guideline range only when the applicable range exceeds 24 months. 18 U.S.C. § 3553(c)(1). The defendant asserts that this statute impermissibly interferes with the liberty interests of the class of defendants as to whom the range is less than 24 months.

■ Unless a statute creates a suspect classification or impinges upon a fundamental interest, it will be upheld if the purpose of the classification bears some rational relation to a legitimate government interest. *See McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The defendant does not argue that the statute creates a suspect classification. Rather, defendant contends that the statute affects his fundamental liberty interest in freedom from incarceration. Defendant's argument is without merit. Defendant is denied his liberty interest and incarcerated because he has committed a crime, not because of the existence of the Guidelines or the statements-of-reasons requirement. There is, therefore, no fundamental interest implicated by 18 U.S.C. § 3553(c)(1).

The inquiry the Court should make is whether the classification drawn in the statute is reasonable in light of the legislature's purpose. *See San Antonio School Dist. v. Rodriguez,* 411 U.S. 1, 40, 93 S.Ct. 1278, 1300, 36 L.Ed.2d 16 (1973).

Section 3553(c)(1) originally required the sentencing judge in every case to state reasons for choosing a particular point within the Guidelines range.[2] The notion

---

1. Dixon originally argued, in addition to the challenges this Court considers today, that the Act establishing the guidelines violated separation of powers principles and Article III and that the Sentencing Reform Act unconstitutionally delegated an inherently legislative function to the judicial branch. The Supreme Court rejected those arguments in *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Accordingly, after *Mistretta* was announced, Dixon's counsel waived these challenges to the Guidelines.

2. The Guidelines, in prescribing a particular sentencing range, require consideration of factors relating to the crime, the defendant's role in the crime, the defendant's criminal history, as well as the defendant's family ties, education background, vocational skills and employment record. Once the range is established, it is entirely within the judge's discretion to select a particular sentence within that range. In addition, the sentencing judge may depart from the Guidelines if the judge concludes that an "aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." 18 U.S.C. § 3553(b).

was that this would focus a judge's thinking regarding the proper point in the range, reduce the appearance of groundless disparities, and aid the commission in analyzing patterns in the application of the Guidelines. *See* 133 Cong.Rec. at H 10019 (Nov. 16, 1987).

■ Congress, however, recognizing that this requirement was burdensome if required in all cases, amended the statute. Congress reasoned that only at the upper end of the Guidelines scale, where the range exceeds 24 months, does the sentencing judge have a fairly wide range from which to choose. *See id.* at H 10019. Thus, Congress decided that only at this upper end is there a serious potential for unwanted or groundless disparities and that a judicial statement of reasons at this level would be most enlightening for the Commission.

The Court finds that Congress' reasons for enacting and amending this statute were rational and therefore concludes that Section 3553(c)(1) does not violate equal protection principles.

■ Defendant alternatively challenges the guidelines on the grounds that they are inconsistent with the mandate of the Act. First, defendant contends that the guidelines improperly preclude the use of probation and other alternative sentences in violation of the statutory mandate. This contention is without merit. The Sentencing Table (Sentencing Guidelines at 5.2), when read with the probation Guidelines (§ 5B1.-1), permits probation without a confinement condition for the first six offense levels—that is, relative degree of offense seriousness—for a first time offender. Moreover, the Table permits probation with a confinement condition for four additional offense levels. The fact that the Guidelines may reduce the overall availability of probation was clearly contemplated and expressed by Congress. 28 U.S.C. § 994(m) ("[I]n many cases, [Pre–Guideline] sentences do not accurately reflect the seriousness of the offense."). The Sentencing commission was free to conclude, as it did, that the overall use of probation was too

commonplace and to draft the Guidelines accordingly.

Defendant also argues that the guidelines violate the mandate of the Act by requiring the imposition of a term of supervised release in all cases where a sentence of more than one year of imprisonment is imposed and by requiring the imposition of a fine in all cases; that the guidelines will foster prison over-crowding; that the provision for lower sentences for cooperation with the government is inconsistent with the statute; and that the guidelines foster disparity in sentences in the manner in which the score for the criminal history is calculated.

■ Judge Mukasey, in *United States v. Mendez,* 691 F.Supp. 656 (S.D.N.Y.1988), considered each of these very issues in detail. *See id.,* 691 F.Supp. at 664–666. In each instance, Judge Mukasey concluded that the guideline provisions were clearly within the mandate of the Act. The Court finds Judge Mukasey's conclusions sound and defendant offers no reason why this Court should depart from that holding. Accordingly, the Court will follow *Mendez* and reject defendant's challenges to the Guidelines.

## CONCLUSION

Because the Guidelines promulgated by the Commission do not violate defendant's right to equal protection and are consistent with the mandate of the Act, the Court finds that the Guidelines should be applied in the instant case.

SO ORDERED.