64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Connie J. BAGWELL-LIDE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3157.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Connie J. Bagwell-Lide appeals from the October 4, 1994 decision of an Administrative Judge of the Merit Systems Protection Board, No. DA-0831-94-0555-I-1, sustaining the reconsideration decision of the Office of Personnel Management denying her application for survivor annuity benefits for Laura R. Bagwell, the minor child of deceased federal employee Carl R. Bradford. Because the statute governing surviving child annuity benefits, 5 U.S.C. Sec. 8341, does not, as Bagwell-Lide contends, offend the Equal Protection component of the Fifth Amendment's Due Process Clause* by conditioning entitlement to benefits on one's status as a dependent, we affirm.
 
 DISCUSSION
 
 2
 The facts of this case are not in dispute. The unrebutted evidence shows that Laura Bagwell, born in 1979, is the recognized natural minor child of Bagwell-Lide and Bradford, a federal employee who died, while in service, on April 4, 1992. The unrebutted evidence also shows the following: (a) Bagwell-Lide and Bradford were never married; (b) Bradford lived with and provided support for Laura and her mother from approximately June 1980 to December 1983; (c) Bradford provided no support for Laura after he and Bagwell-Linde separated in 1983; and (d) Bradford was neither living with nor providing support for Laura when he died in 1992.
 
 
 3
 In considering Bagwell-Lide's request for survivor benefits for Laura as Bradford's minor child, OPM determined that Laura was not a dependent child within the meaning of 5 U.S.C. Sec. 8341(a)(3)-(4)--and therefore not eligible for benefits--because she was neither living with nor supported by Bradford when he died in 1992. It denied the application and adhered to that result on reconsideration.
 
 
 4
 On appeal to the Board, Bagwell-Lide contested neither the facts found by OPM nor its application of section 8341(a)(3)-(4) to those facts, but instead argued that the statute denies her daughter benefits in violation of the Equal Protection component of the Fifth Amendment's Due Process Clause. As the AJ remarked, "The appellant contends that the dependency requirement of 5 U.S.C. Sec. 8431(a)(3)-(4) results in disparate treatment between those minor children who live with or receive support from a Federal employee at the time of his death, and those who do not." The AJ held that the Board was without jurisdiction to determine the constitutionality vel non of a federal statute, and thus limited the decision to the following:
 
 
 5
 I find that OPM applied the literal words of 5 U.S.C. Sec. 8341 to determine that Laura was not entitled to survivor benefits, and that OPM's understanding and application of the statute to the facts of this case was accurate. Laura was not a dependent of Bradford at the time of his death because, although she was Bradford's recognized natural child, they did not live together and Bradford was not contributing to her support. Therefore, Laura is not statutorily entitled to survivor benefits in this case.
 
 
 6
 Bagwell-Lide timely filed this appeal, pressing her Equal Protection theory of the case. As counsel states in her opening brief, Bagwell-Lide's "sole contention is that the 'Dependency Requirement' for receipt of Civil Service Retirement under Title 5 U.S.C. Sec. 8341(a)(3)-(4) results in disparity [sic, disparate] treatment between minor children who live with or receive support from a Federal employee at the time of death and those who do not." The government responds that this appeal is controlled by the Supreme Court's rejection of an Equal Protection challenge to a similarly designed Social Security Act survivor benefits regime in Mathews v. Lucas, 427 U.S. 495 (1976) ("Lucas ").
 
 
 7
 We may set aside a decision of the Board where it is "not in accordance with law," 5 U.S.C. Sec. 7703(c)(1), and it is this power of review that Bagwell-Lide invokes. The statutory framework she challenges does not classify putative beneficiaries according to whether they were born while their parents were in or out of wedlock. Instead, it conditions the receipt of survivor benefits on one's status as a dependent. Specifically, it provides benefits to all dependent minor children, including recognized natural children, 5 U.S.C. Sec. 8341(a)(4)(A)(iii), where "dependent" means "that the employee ... involved was, at the time of ... death, either living with or contributing to the support of such child...." 5 U.S.C. Sec. 8341(a)(3). The regulation set out at 5 C.F.R. Sec. 831.671 details the means according to which a child can demonstrate his or her dependent status; this regulation creates, inter alia, a presumption that a "legitimate" child is a dependent.
 
 
 8
 The Supreme Court adjudicated an Equal Protection challenge to a Social Security survivor benefits regime virtually indistinguishable from the one at bar in Lucas, 427 U.S. 495. The Court described that statutory regime for benefits to dependents as follows:
 
 
 9
 A child is considered dependent for this purpose if the insured father was living with or contributing to the child's support at the time of death. Certain children, however, are relieved of the burden of such individualized proof of dependency. Unless the child has been adopted by some other individual, a child who is legitimate, or a child who would be entitled to inherit personal property from the insured parent's estate under the applicable state intestacy law, is considered to have been dependent at the time of the parent's death.
 
 
 10
 Id. at 498-99. Section 8431, when considered together with the regulation that OPM has developed to implement it, clearly creates the same basic regime.
 
 
 11
 Like Bagwell-Lide, Lucas challenged the conditioning of survivor benefits on one's status as a dependent as violative of the Fifth Amendment's Equal Protection component. The Court rejected the challenge, holding that "conditioning entitlement upon dependency at the time of death is not impermissibly discriminatory in providing only for those children for whom the loss of the parent is an immediate source of the need." Id. at 507. Court also rejected the notion that the presumption of dependency for "legitimates"--common to the regimes challenged in Lucas and the instant case--rendered the statute unconstitutional, since it was "justified as [a] reasonable empirical judgment[ ] that [is] consistent with a design to qualify entitlement to benefits upon a child's dependency at the time of the parent's death." Id. at 510. We agree with the government that the disposition of Bagwell-Lide's challenge to the constitutionality of 5 U.S.C. Sec. 8341 is controlled by the Supreme Court's decision in Lucas.
 
 
 12
 Having thus found no reversible error on appeal, we affirm the decision of the Board.
 
 
 
 *
 See Bolling v. Sharpe, 347 U.S. 497, 499-500 (1954)