**Major James E. McMENIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 95–243C.

United States Court of Federal Claims.

Sept. 20, 1996.

---

James E. McMenis, College Park, GA, pro se.

Brian S. Smith, Department of Justice, Washington, DC, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Joseph A. Kijewski, Assistant Director, Washington, DC, for defendant.

## *OPINION*

BRUGGINK, Judge.

This matter involves the interpretation and implementation of the Defense Officer Personnel Management Act, Pub.L. No. 96–513, 94 Stat. 2835–2956, codified as amended at various sections of Title 10, United States Code ("DOPMA"). Specifically at issue in this matter is whether, under the transition provisions covering DOPMA and its implementation, an officer in the United States Army serving at the rank of permanent captain and temporary major on the effective date of DOPMA is entitled to serve for a minimum of twenty years of duty prior to being mandatorily retired or discharged, or whether such an officer is in fact entitled to serve for twenty-one years. The matter is

presently before the court on the parties' cross motions for summary judgment. Oral argument is deemed unnecessary. Because there are no genuine issues of material fact remaining in this action, and for reasons stated herein, the Government's motion for summary judgment is granted and, accordingly, Major McMenis's motion for summary judgment is denied.

### Background

The plaintiff, Major James McMenis, served as an Army officer at the rank of permanent captain and temporary major at the time of DOPMA's implementation in 1981. Plaintiff was retired from active duty in 1993 after serving for twenty years. Just prior to his discharge, Major McMenis filed suit in the United States District Court for the Northern District of Georgia seeking declaratory and injunctive relief to prevent the United States Army from discharging him before being allowed to serve for twenty-one years. The district court denied Major McMenis's request for a temporary restraining order.

Contemporaneously with the action in district court, Major McMenis also sought review by the Army Board for Correction of Military Records ("ABCMR"). The ABCMR held that, under DOPMA, Major McMenis was entitled to serve on active duty for only twenty years and that he had therefore been properly discharged in 1993. Subsequent to the ABCMR ruling, the district court transferred the case to this court. Major McMenis then filed an amended complaint seeking a judgment that DOPMA entitled him to serve twenty-one years on active duty, that he is due back pay, and that his relevant military records should reflect twenty-one years of active duty.

Prior to the enactment of DOPMA in 1981, the United States Department of the Army had a dual system of ranking its officer corps. Under this system an officer could hold ranks in two Army classifications, the Army of the United States ("AUS") and the United States Army ("regular army" or

"RA"). The RA rank was the "permanent" grade of an officer, while the AUS rank was the "temporary" grade that an officer held. An officer actually wore the AUS rank on his uniform and was paid at the AUS grade. DOPMA was designed, in part, to make the Army's ranking system more efficient by eliminating the dual system and replacing it with a single rank and grade system.[1]

Because of the large number of military personnel holding dual ranks who would be affected by DOPMA, the legislation included transition provisions to assist with implementation. It is these transition provisions, found as a note to 10 U.S.C. § 611 (1994) [hereinafter Transition Provisions § __], and their legislative history that are the subject of the plaintiff's claim to an entitlement to twenty-one years of active duty service.

Major McMenis began serving in the United States Army Reserve as an active duty officer in August of 1973. In 1977 his status was changed to that of an active duty officer in the regular army. On September 15, 1981, the effective date of DOPMA, he held the rank of RA captain and AUS major. As of this same date, Major McMenis had not been considered or recommended for promotion to the rank of RA major. DOPMA, nevertheless, had the effect of "administratively" promoting McMenis to the RA rank of major even though he was never actually considered or recommended for promotion to that rank. *See* Transition Provisions § 601(a).

In 1987, Major McMenis was notified by the Army that he had failed on two occasions to be recommended for promotion to the rank of lieutenant colonel. By law, any major in the regular army who twice fails to be recommended for promotion to the "next higher regular grade" of lieutenant colonel shall be discharged. 10 U.S.C. § 632(a). However, under 10 U.S.C. § 637, an officer may be "selectively continued" if chosen to do so by a selection board convened under 10 U.S.C. § 611(b). The Army, in a letter to McMenis on March 19, 1987, thus offered

---

**1.** The other military branches also employed dual ranking systems that were changed by the enactment of DOPMA.

him the opportunity to serve a selective continuation period. McMenis agreed to the continuation of active duty on April 28, 1987 by signing a form, which stated that he would continue on active duty "until eligible for retirement under Title 10, United States Code, section 3911." Under 10 U.S.C. § 3911(a) (1994), a military officer becomes eligible for retirement after serving for twenty years. Upon signing the continuation form, Major McMenis was notified that he would be retained on active duty until he was eligible for retirement on August 31, 1993.

As his retirement date approached, Major McMenis, on July 14, 1993, wrote a letter to the Army requesting a "confirmation" of his mandatory retirement date and further asserting that his actual date of eligibility for retirement should be August 31, 1994—giving McMenis an additional year of active duty service. The Army responded by extending the effective date of Major McMenis's retirement only to September 30, 1993. On September 30, 1993, Major McMenis was retired. However, the Army then recalled Major McMenis, at his request, to serve an additional twenty-nine days on active duty for various reasons not apparently relevant here. On October 29, 1993, he was released from his active duty recall of twenty-nine days. All told, McMenis served on active duty in the United States Army for twenty years and two months.[2]

### Discussion

■ The ABCMR held that Major McMenis was entitled to serve for only twenty years. This court accords a significant amount of deference to the decisions of the ABCMR. Therefore, the plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary and capricious, that they lacked the support of substantial evidence, or that the decision was contrary to law. *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983) (applying this same standard to decisions by the Board

for Corrections of Naval Records and citing *Grieg v. United States,* 226 Ct.Cl. 258, 269, 640 F.2d 1261, 1268 (1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982)); *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.), *cert. denied,* 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986); *Miller v. United States,* 29 Fed.Cl. 107, 116 (1993). In this case, both parties are in substantial agreement as to the underlying facts of Major McMenis's claim. The dispute is reduced then to a review of the Government's interpretation of the transition provisions of DOPMA to determine whether such an interpretation is consistent with the statutory language. There is thus a question of pure law presented to the court and judgment may be made accordingly.

To make his claim, Major McMenis relies on the transition provisions included in the enactment of DOPMA. *See* Transition Provisions §§ 601–639. Section 601(a) provides:

> [A]ny regular officer of the Army or Air Force who on the effective date of ... [DOPMA] ... is on active duty and ... is serving in a temporary grade below lieutenant general that is higher than his regular grade ... shall be considered to have been recommended by a board convened under section 611(a) of title 10, United States Code, as added by this Act, for promotion to the regular grade equivalent to the grade in which he is serving or for which he has been recommended for promotion, as the case may be.

Major McMenis was a regular officer in the Army serving on active duty on the effective date of DOPMA in the temporary grade of major, which was higher than his permanent grade of captain. As such, McMenis was clearly covered by section 601 of the transition provisions and was entitled to be administratively recommended for promotion to the "regular grade" equivalent of temporary major, which is a regular army major. Upon such recommendation, McMenis was subsequently promoted to the grade of regular

---

**2.** Major McMenis claims that the period of recall for twenty-nine days did not afford him the same degree of benefits of service that would have been available had McMenis been "retained" for the twenty-nine days as opposed to being "re-

called." The court notes this assertion, but because such a claim is dependent on the underlying basis for the plaintiff's claim to entitlement to twenty-one years, the court need not address its merits here.

army major. Pursuant to this transition provision of DOPMA, Major McMenis was effectively promoted to the rank of regular army major without actually having to face a selection board convened by the Secretary of the Army under 10 U.S.C. § 611(a).

An officer who becomes a regular army major through the application of Transition Provision § 601, and who is selectively continued on active duty under 10 U.S.C. § 637, is entitled to serve for twenty years. Major McMenis, however, claims that when section 601 is applied in conjunction with section 609(a), he is entitled to serve on active duty for a period of twenty-one years. Section 609(a) of the transition provisions states:

> (1) Subject to paragraph (2), an officer of the Army or Air Force who on the effective date of ... [DOPMA]—(A) holds the regular grade of major; or (B) is on a list of officers recommended for promotion to the regular grade of major, shall be retained on active duty until he completes twenty-one years of service....

> (2) Paragraph (1) does not apply to an officer who ... is continued on active duty under section 637 of title 10, United States Code, as added by this Act.

When read alone, section 609 does not cover plaintiff. On the effective date of DOPMA, Major McMenis held the regular grade of captain. Section 609(a)(1)(A) is limited to those officers who held the regular grade of major as of the effective date of DOPMA. Similarly, Major McMenis was not actually on any "list of officers recommended for promotion to the regular grade of major." Section 609(a)(1)(B) is limited to those officers who were on a list of officers recommended for promotion to the regular grade of major.

Major McMenis apparently asserts that, although he was not actually on a promotion list, section 601 effectively accomplished the equivalent by deeming certain officers to have been recommended for promotion. Plaintiff correctly asserts that these two sections should be read together in light of the overall purpose of the transition provisions of DOPMA. However, when read in such a context, the provisions are not ambiguous and simply do not support the plaintiff's argument.

Section 601(a) and section 609(a) cover two separate situations that were likely to occur when DOPMA became effective, thus requiring statutory transitional guidance. First, section 601(a) covers those officers who, on the effective date of DOPMA, held a temporary grade higher than their permanent grade. The effect of this section is to statutorily accomplish a recommendation for promotion to the permanent grade at which the officer is serving only in a temporary grade. This avoided the necessity of convening a selection board yet still accomplished DOPMA's goal of giving all Army officers a single rank and grade. Major McMenis was the beneficiary of this section, and as a result he was ultimately promoted to the regular grade of major.

On the other hand, section 609(a) covers those officers who, on the effective date of DOPMA, were either already regular army majors or who were already on a list of officers recommended for promotion to regular army major. Major McMenis can not bring himself under this provision because "on the effective date" of DOPMA he was neither a regular army major nor was he on a list of officers recommended for promotion to regular army major. McMenis concedes that he was on no such promotion list because he "had not been considered for, and therefore not recommended for, promotion to RA major." Plaintiff's Proposed Findings at 2. Major McMenis may not use section 601(a) to "transform" himself into an officer on the list cited in section 609(a) because both of these sections of the transition provisions presume a particular classification as of the effective date of DOPMA. The sections operate independently, and there is no reason to think section 601 was intended to bootstrap a promotion for purposes of section 609(a).

In fact, Major McMenis's circumstances are specifically covered by section 609(a)(2). That paragraph provides that section 609(a)(1) does not apply to an officer who is selectively continued on active duty under 10 U.S.C. § 637, as added by DOPMA. Major McMenis concedes that he was in fact selec-

tively continued under section 637 in 1987 after having failed twice to be recommended for promotion to the regular grade of lieutenant colonel.

■ When a court reviews the administrative interpretations of a statute by an agency—in this case the Army[3]—the court first asks whether Congress has directly addressed the specific question at issue. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). In the present case, the plain language of sections 601 and 609 provides no support for the plaintiff's claims to an entitlement of twenty-one years of service on active duty. There is no obvious ambiguity in the statute.

■ Even if the court were to find that the transition provisions leave room for plaintiff's claim, his argument would nevertheless fail. If Congress has left some ambiguity on the precise question at issue or has simply failed to address the question:

> [T]he court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. Thus, if the Army's interpretation of the transition provisions is reasonable, it will be upheld even if the court finds that there are other interpretations that would be preferable to the court. *See Holly Farms Corp. v. NLRB,* — U.S. —, —, 116 S.Ct. 1396, 1401, 134 L.Ed.2d 593 (1996). Put simply, the court, in order to uphold the Army's construction, "need not conclude that the agency construction was the only one it possibly could have adopted." *Chevron,* 467 U.S. at 843 n. 11, 104 S.Ct. at 2782 n. 11 (citing *Federal Election Commission v. Democratic Senatorial Campaign Committee,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981); *Zenith Radio Corp. v. United States,* 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978); *Train v. Natural Resources Defense Council, Inc.,* 421 U.S. 60, 75, 95 S.Ct. 1470, 1479, 43 L.Ed.2d 731 (1975)). In this case, the Army's construction of the statute is completely reasonable.

Moreover, contrary to Major McMenis's assertions, the legislative history of DOPMA supports the Army's interpretation of the transition provisions. He stakes his legislative history argument on a passage in a committee report:

> Present law provides that an officer selected for temporary promotion to major must be given an 80 percent selection opportunity to permanent major and if selected for permanent major, is retained until 21 years. While there is not a specific statutory assurance to 21 years, for officers who fail selection for permanent promotion to major, present law has operated in the Army and Air Force in such a way as to provide retention until 21 years of service as a customary procedure.

H.R.Rep. No. 96–1462, 96th Cong., 2nd Sess. (1980), *reprinted in* 1980 U.S.C.C.A.N. 6333, 6358. This comment, when read alone, lends support to Major McMenis's claims. Howev-

---

**3.** The record indicates that the Army did not clearly articulate a final decision on Major McMenis's claim based on an express interpretation of the transition provisions of DOPMA except in conjunction with the review by the ABCMR. However, by retiring Major McMenis after twenty years of service, the Army de facto interpreted the transition provisions to allow an officer in Major McMenis's circumstances to serve only twenty years by right rather than twenty-one years. In DAJA–AL 1993/1015 (27–1a), an opinion of the Military Personnel Law Branch, Administrative Law Division of the Army Judge Advocate General's office, the Army addressed the identical situation as that concerning Major McMenis, and concluded that under the transition provisions of DOPMA, such an officer was entitled to only twenty years of active duty.

In addition, the ABCMR relied, in part, on a staff advisory opinion from the Army's Total Army Personnel Command, which specifically concluded that DOPMA transition provision section 609(a) did not apply to Major McMenis. The actions of the Army show that a final determination was reached on how the transition provisions of DOPMA were interpreted and applied to Major McMenis.

er, the Government correctly points out that other passages in the legislative history of DOPMA indicate an intent by Congress to provide a career expectation of only twenty years for those temporary majors who were not on a list of officers recommended for promotion to permanent major.

One such passage, beginning on the same page of the House report cited by the plaintiff, states:

The committee wishes to avoid inequitable treatment under the new law that might result if there was significant change in the opportunity to achieve 20 years of service for those in temporary-major grade. The committee, therefore, has directed the Departments of the Army and Air Force to ensure, for those regular officers serving in the temporary grade of major on the effective date, that the combination of selection opportunity to lieutenant colonel and the continuation rate for those not selected affords an opportunity for service to 20 years of total active service comparable to that which they could have expected under present law.

H.R.Rep. No. 96–1462, 96th Cong., 2nd Sess. (1980), *reprinted in* 1980 U.S.C.C.A.N. 6333, 6358–59. This passage indicates that, even if it were assumed under pre-DOPMA law that a temporary major had a career expectation of twenty-one years, the enactment of DOPMA worked only to assure a "comparable" period of active service—namely twenty years. The court cannot conclude that the Army's interpretation of the transition provisions of DOPMA is unreasonable.

Major McMenis also asserts in his complaint that his being denied the opportunity to serve on active duty in the Army "involves a constitutional claim of failure of due process and equal protection of the law." He appears to base this claim on his understanding that at least one other similarly-situated Army officer was treated differently under DOPMA. This other officer was allowed to serve for twenty-one years on active duty.

The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Here, because the matter involves action by the federal government, the Equal Protection component of the Fifth Amendment provides the appropriate analysis. *See Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954) (stating that the Due Process Clause of the Fifth Amendment contains an equal protection component). To prevail on such a constitutional claim, McMenis must first show that other officers were in fact receiving different treatment despite being in the same situation as the plaintiff.

A review of the record indicates that although the other officer to whom McMenis refers was allowed to serve for twenty-one years, this other officer was already on a list of officers selected for promotion to regular army major. He was thus entitled to serve for a period of active duty service of at least twenty-one years pursuant to Transition Provision § 609(a)(1)(B).

Major McMenis points out that the other officer was a reserve officer (rather than a regular army officer) on active duty at the effective date of DOPMA, and argues that he should not be given a greater expectation of length of service than a regular army officer such as McMenis. However, a reading of the transition provisions shows that although some provisions distinguish between regular and reserve officers on active duty, section 609(a) makes no such distinction. *See* Transition Provisions §§ 601, 602, 609. The officer to whom Major McMenis refers was covered by section 609(a), while McMenis himself was not. Major McMenis's claim that he was denied equal protection under the law must fail because there is no evidence that other officers in similar situations were treated differently by the Army under the transition provisions of DOPMA.[4]

---

**4.** Major McMenis also makes reference to a second comparably-situated army officer. He states that this second officer was also initially given orders to retire after twenty years, but that the

orders were changed after a request by the officer in question. He concedes, however, that this second officer was in fact already a regular army major on the effective date of DOPMA, and thus

*Conclusion*

The court concludes that the Army's interpretation and implementation of the transition provisions of DOPMA are not only permissible, but required by the plain language of the statute. The court cannot conclude that the ABCMR's decision was contrary to law. The plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted. The clerk is directed to dismiss the complaint.

was unambiguously covered by section 609(a) of the transition provisions. Accordingly, this sec-

ond officer cannot be said to have been in the same situation as McMenis.