T.C. Summary Opinion 2001-92

UNITED STATES TAX COURT

PAUL S. LEBLANC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13599-99S.                    Filed June 22, 2001.

Paul S. LeBlanc, pro se.

Linda A. Neal, for respondent.

DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $504 for the taxable year 1996.

The issue for decision is whether requiring petitioner to include unreported gambling winnings in income violates the constitutional right to equal protection.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Gretna, Louisiana, on the date the petition was filed in this case.

Petitioner filed a joint Federal income tax return for 1996 with his now deceased wife, Jacquelyn S. LeBlanc. Petitioner's wife received a Form W-2G, Statement for Recipient of Certain Gambling Winnings, reflecting 1996 slot machine winnings of $1,773.61. However, no income from gambling was reported on their return. In the statutory notice of deficiency, respondent determined that petitioner had unreported gambling income of $1,773.

Gross income generally includes income from whatever source derived, including gambling winnings. See sec. 61(a); Umstead v. Commissioner, T.C. Memo. 1982-573. Gambling losses generally are allowed to the extent of the gambling winnings for the taxable year. See sec. 165(a), (d). A nonprofessional gambler may claim

such losses as itemized deductions if he elects to forgo the standard deduction. See sec. 63.

Petitioner admits that his wife received slot machine winnings in the amount of $1,773 in 1996, that this amount was not reported on their tax return, and that this amount is income subject to the Federal income tax. Petitioner argues that the taxation of the gambling winnings in his case is "unequal treatment under the law," in violation of the "equal protection as well as equal treatment" afforded by the United States Constitution. Petitioner argues that certain taxpayers escape taxation on their gambling winnings because casinos do not issue informational returns for all taxpayers who receive such winnings.

Although the Equal Protection Clause in the Fourteenth Amendment limits the powers of the States, there is no comparable clause explicitly applicable to Federal legislation. However, the Due Process Clause of the Fifth Amendment has been construed as imposing an equal protection requirement in respect of classification to the extent that "discrimination [resulting from such classification] may be so unjustifiable as to be violative of due process." Bolling v. Sharpe, 347 U.S. 497, 499 (1954) (fn. ref. omitted).

In evaluating whether a statutory classification violates equal protection, we generally apply a rational basis standard.

See Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983).  We apply a higher standard of review only if it is found that the statute (1) impermissibly interferes with the exercise of a fundamental right, such as freedom of speech, or (2) employs a suspect classification, such as race.  See, e.g., id.; Harris v. McRae, 448 U.S. 297, 322 (1980).  Neither of these exceptions applies in this case.  Under the rational basis standard, a challenged classification is valid if rationally related to a legitimate governmental interest.  See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976).  Legislatures have especially broad latitude in creating classification and distinctions in tax statutes.  See Regan v. Taxation With Representation, supra at 547.

The informational return which petitioner's wife received in this case was required by section 6041 and the accompanying regulations.  As a general rule, a person engaged in a trade or business who makes a payment to an individual in excess of $600 must provide an informational return to the Secretary of the Treasury (or his delegate) and to the individual.  See sec. 6041(a), (d).  A person engaged in a trade or business who pays winnings to an individual of $1,200 or more from a bingo game or slot machine play, or of $1,500 or more from a keno game, must provide such an informational return.  See sec. 7.6041-1(a),

Temporary Income Tax Regs., 42 Fed. Reg. 1471 (Jan. 7, 1977).

This latter return must be made on a Form W-2G.  See sec. 7.6041-

1(c), Temporary Income Tax Regs., supra; see also sec.

31.3402(q)-1(f), Employment Tax Regs. (Form W-2G payer reporting

requirements for purposes of withholding).  In determining the

amount won from such games, the amount wagered is deducted from

the winnings in a keno game, but is not deducted in a bingo game

or slot machine play.  See sec. 7.6041-1(b)(1), (2), Temporary

Income Tax Regs., supra.  Winnings from more than one game are

not aggregated.  See sec. 7.6041-1(b)(5), Temporary Income Tax

Regs.

Legislation enacted in 1917 added informational reporting
requirements to the Internal Revenue Code similar to the current
provisions under section 6041.  See Act of October 3, 1917, ch.
63, tit. XII, sec. 1211, 40 Stat. 300.  The Senate report
accompanying this legislation stated:

> That the provisions of the law requiring withholding at
> the source of the tax due on profits or incomes of
> resident taxable persons be repealed and instead there
> be substituted "information at the source," where the
> amount of income received in any taxable year and paid
> over to the taxable person exceeds $800 for any taxable
> year. * * * The proposed amendment is conducive to a
> more effective administration of the law in that it
> will enable the Government to locate more effectively
> all individuals subject to the income tax and to
> determine more accurately their tax liability.  This is
> of prime importance from a viewpoint of collections.
> In addition to this very important consideration, the
> changes will result in the saving of annoyance and
> expense to taxpayers and withholding agents in
> lessening of expense to the Government, and in

        simplifying administration, and in increased
        effectiveness * * *

        It is the Treasury Department's judgment, based
        upon close observation and study of the practical
        workings of the withholding feature of the income-tax
        law as well as of the general requirements of
        administration, that information at the source is a
        foundation upon which the administrative structure must
        be built if the income-tax law is to be rendered most
        effective and if due regard is to be paid to economy
        and simplicity of administration and to the imposition
        of no greater burden and expense upon taxpayers than is
        necessary for effective administration. [S. Rept. 103,
        65th Cong., 1st Sess. (1917), 1939-1 C.B. (Part 2) 56,
        67-68.]

We find petitioner's argument to be without merit.  There is
no provision in the Internal Revenue Code which relieves a
taxpayer from liability for the income tax on gambling winnings
if the winnings are not reported by the payer.  Thus, petitioner
essentially is arguing that he has not been afforded equal
protection because those taxpayers whose winnings were not
reported on informational returns have an easier time evading the
Federal tax laws.  The statutory requirements for informational
returns classifies individuals according to the amount of
gambling winnings they pay to others.  These classification
requirements are rationally related to the legitimate
governmental interest of balancing the need for reporting
requirements to ensure compliance with the tax laws and the need
to avoid imposing excessive burdens on covered individuals.
Requiring a casino to report every dollar won from every slot
machine would undoubtedly be such a burden.

An aspect of petitioner's argument apparently is that the casino was not complying with the law by not issuing informational returns when required.  Petitioner has provided no evidence supporting this assertion, and even if he had it is unclear how such noncompliance by the casino would bear on an equal protection claim by petitioner.

We hold that requiring petitioner to include unreported gambling winnings in income does not violate the constitutional right to equal protection.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.