UNITED SENIORS ASSOCIATION,
INC., et al., Plaintiffs,

v.

Donna SHALALA, Defendant.

No. CIV. 97–3109(TFH).

United States District Court,
District of Columbia.

April 14, 1998.

Kent Masterson Brown, Law Offices of Kent Masterson Brown, Danville, KY, for Plaintiffs.

Anthony Joseph Coppolino, Sheila Mae Lieber, Washington, DC, for Defendant.

## OPINION

THOMAS F. HOGAN, District Judge.

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction. Defendants have filed a Motion for Summary Judgment. Based on the briefs and exhibits submitted by the parties and *amici curiae*,[1] and argument at a hearing conducted on March 6, 1998, the Court finds that Plaintiffs have not demonstrated that they are entitled to a preliminary injunction. Furthermore, Defendants have shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Consequently, the Court will deny Plaintiffs' Motion for a Preliminary Injunction and grant Defendant's Motion for Summary Judgment.

### Applicable Standards

The standard for preliminary injunctions is dictated by Federal Rule of Civil Procedure 65(a). Under that Rule, the Court may grant preliminary injunctive relief if the moving party demonstrates (1) that it is likely to succeed on the merits of the claim; (2) that it will suffer irreparable harm if not granted injunctive relief; (3) that other parties will not suffer substantial harm; and (4) that the public interest is served by an injunction. *See Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 842–43 (D.C.Cir.1977).

Summary judgment is appropriate only if there is no genuine issue of material fact and

---

**1.** *Amici curiae* briefs were submitted by the Seniors Coalition, Inc. and the Washington Legal Foundation, both in support of Plaintiffs' motion.

the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is a genuine issue of fact only if there is such evidence that a reasonable jury could return a verdict for the non-moving party; a fact is material only if it might affect the outcome of the suit under applicable law. *Id.* 477 U.S. at 248.

### Background

Plaintiffs request a preliminary injunction to prevent the enforcement of Section 4507 of the Balanced Budget Act of 1997, which is an amendment to the Medicare laws. Plaintiffs and defendants in this case agree that this statute provides that Medicare beneficiaries can contract privately with their physicians for certain services, as long as their physician agrees not to participate in the Medicare program for two years. (*See* Pls.' Mot. for Prelim. Inj. at 33; Def.'s Mot. for Summ. J. at 12.) Both parties also substantially agree that the two-year restriction on physicians who enter such contracts represents a substantial barrier to the receipt of contracted services. (*See* Pls.' Mot. for Prelim. Inj. at 33; Def.'s Reply at 15.) The major disagreement between the parties entails the determination of whether this provision is an expansion of or a limitation on the existing law. Plaintiffs contend that before Congress passed Section 4507, Medicare beneficiaries could contract privately with their physicians; now, no physician will be able to afford to give up his or her Medicare practice for two years, and therefore these services will not be available from any physician. (*See* Pls.' Mot. for Prelim. Inj. at 14, 33.) The only way in which seniors can obtain these benefits, plaintiffs contend, is to relinquish their health insurance benefits alto-

gether.[2] The government maintains that this statute does nothing of the sort. Private contracting to circumvent Medicare rules was never permitted; section 4507 merely opened up a narrow escape valve. (*See* Def.'s Mot. for Summ. J. at 1.) The government also contends that the Medicare regulations that plaintiffs complain of are not attributable to Section 4507, but exist by virtue of longstanding and unquestionably constitutional provisions of the Medicare Act. *Id.*

### Discussion

While the parties dispute whether Section 4507 of the Balanced Budget Act of 1997 expanded or restricted Medicare beneficiaries' ability to contract privately with their physicians, the Court finds that this factual dispute is irrelevant in light of the fact that Plaintiffs have failed to allege the deprivation of a constitutionally protected right.

■ First, Plaintiffs claim that Section 4507 denies them their liberty interest in contracting privately for and obtaining health care services with the physician of their choice without governmental intrusion. The Court does not pass judgment on Congress' wisdom in passing Section 4507;[3] the Court's role here is solely to determine whether the United States Constitution confers a fundamental right on individuals to privately contract with their physicians. The Court finds that it does not. The Supreme Court has declined to extend the right to autonomous decision-making beyond certain limited contexts involving child rearing and education, family relationships, procreation, marriage, contraception and abortion. *See Bowers v. Hardwick,* 478 U.S. 186, 190, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986). This Court is not inclined to create new areas of constitutional protection. *See Dronenburg v. Zech,* 741 F.2d 1388, 1397 (D.C.Cir.1984) ("If it is in any degree doubtful that the Supreme Court should freely create new constitutional rights, we think it certain that lower courts should not do so.") Therefore, the Court

---

**2.** Medicare is, in effect, the only primary health insurance available to people over 65. No private health insurance companies offer "first dollar" insurance to this group; they offer only supplemental insurance. (*See* Pls.' Mot. For Prelim. Inj. at 18.)

**3.** The Court is concerned, however, that the regulations and interpretations by HCFA further limit patients' access to physicians of their own choosing.

finds that, on this record, Plaintiffs have not demonstrated that they have a constitutional right to privately contract with their physicians.

■ Next, Plaintiffs contend that any regulation based on using spending mechanisms for coercion and control is beyond the authority granted to Congress by the Spending Clause. *See* U.S. Const. art. I, § 8, cl. 1; *U.S. v. Butler*, 297 U.S. 1, 56, 56 S.Ct. 312, 80 L.Ed. 477 (1936). By requiring Medicare beneficiaries to relinquish their contracting rights in order to receive a federal benefit, Plaintiffs argue, the government has overstepped its Spending Clause authority. The Supreme Court has held, however, that incident to its Spending Clause power, "Congress may attach conditions on the receipt of federal funds, and has repeatedly employed the power 'to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.'" *South Dakota v. Dole*, 483 U.S. 203, 206, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987), *citing Fullilove v. Klutznick*, 448 U.S. 448, 474, 100 S.Ct. 2758, 65 L.Ed.2d 902 (1980). The Spending Clause power is subject to several general restrictions: (1) the exercise of the spending power must be in pursuit of the general welfare; in considering whether a particular expenditure is intended to serve general public purposes, courts should defer substantially to the judgment of Congress; (2) Congress must make any conditions on the receipt of federal funds clear, enabling participants to exercise their choice knowingly; (3) conditions on the receipt of funds must be related to the federal interest in particular national projects or programs; and (4) such conditions must not violate other constitutional provisions. *Id.* Here, the provisions at issue serve the general welfare by limiting the amount that Medicare beneficiaries, many of whom are on fixed incomes, pay for services and by making it easier for them to submit claims. The statute puts beneficiaries and physicians on notice of the requirements they must meet to qualify for federal Medicare benefits. Finally, as discussed elsewhere in this Opinion, Section 4507 does not violate any other Constitutional rights.

Thus, there is no impermissible government coercion here.

■ Finally, Plaintiffs contend that Section 4507 violates their equal protection rights by impermissibly discriminating against senior citizens. The Federal government is subject to the Equal Protection Clause of the 14th Amendment through the Due Process Clause of the 5th Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 498–99, 74 S.Ct. 693, 98 L.Ed. 884 (1954). Because age is not a suspect class, any discriminatory classification based on age must meet only the rational basis test. *See Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). That is, the government must show that Section 4507 is rationally related to furthering a legitimate government interest. Under the rational basis test, courts may not "substitute their social and economic beliefs for the judgment of legislative bodies, who are elected to pass laws." *Ferguson v. Skrupa*, 372 U.S. 726, 730, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). This is a highly deferential standard.

■ Defendants cite sufficient justification for the Medicare regulations to pass the rational basis test. First, as explained above, Section 4507 serves the legitimate purpose of limiting the amount that Medicare beneficiaries pay for services. The reporting requirements set forth in the statute are also legitimate. Physicians are limited, as a matter of federal statutory law, in the amount that they may charge a Medicare beneficiary for health care services. To help enforce this statutory scheme, the Secretary is required to monitor the actual charges of nonparticipating physicians to enrollees and to keep track of changes in the proportional mix of services being performed on assigned and non-assigned bases. The reporting requirements serve this legitimate purpose.

### Conclusion

Because Plaintiffs have failed to meet at least one of the requirements for a preliminary injunction—that they are likely to succeed on the merits of their claim—the Court will deny their Motion for a Preliminary Injunction. Furthermore, because Plaintiffs

have not alleged the violation of a constitutionally protected right, the government has shown that it is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56. An Order will accompany this Opinion.

### ORDER

Pending before the Court is Plaintiffs' Motion for a Preliminary Injunction and Defendant's Motion for Summary Judgment. For the reasons expressed in the accompanying Opinion, it is hereby

ORDERED that Plaintiff's Motion for a Preliminary Injunction is DENIED; it is further

ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.