(1) The United States' motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) A–1 Amusement's motion to consolidate this appeal with other appeals is moot.

---

* In its notice of appeal, A–1 Amusement states that it appeals "from the order and judgment entered by the United States Court of Federal Claims on October 19, 2000 and the order and judgment entered on March 21, 2001, dismissing plaintiffs' Amended Complaint." In its response to the United States' motion to dismiss, A–1 Amusement does not state that it is seeking review of the March 21, 2001 dismissal of count II, to which it consented.

**DECADE INDUSTRIES, INC. (doing business as Sanus Systems), Plaintiff–Appellee,**

v.

**WOOD TECHNOLOGY, INC., Defendant–Appellant.**

No. 01–1416.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 7, 2001.

ORDER

The parties having so agreed, it is ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

**Adelaida V. LOPEZ, Plaintiff–Appellant,**

v.

**SECRETARY OF THE NAVY, Roberta L. Coalter, Director, Congressional Liaison Office, William Dickinson, Head, Congressional Liaison Office,**

Norm Chamberlain, head, Congressional and Employee Inquiries Division, C. West, Special Assistant, Congressional Liaison Office, and P.A. Matt, Department of the Navy, Defendants–Appellees.

No. 01–1190.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 8, 2001.

Before RADER, BRYSON, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Adelaida V. Lopez appeals the decision of the United States District Court for the District of Columbia denying her survivor and death benefits based upon her late husband's service in the United States Navy. We *affirm.*

## BACKGROUND

Martin P. Lopez served on active duty in the United States Navy from March 6, 1919, to December 13, 1935. Mr. Lopez married appellant Adelaida Lopez in 1938, and he died in 1969.

Shortly after Mr. Lopez died, Ms. Lopez informed the Navy of his death, but she made no claim for any benefits at that time. Ms. Lopez took no further steps until 1986 when she wrote to the Navy requesting a surviving spouse annuity. After reviewing Mr. Lopez's records, the Navy determined that Ms. Lopez was not entitled to any benefits, because Mr. Lopez had not served on active duty during World War I or World War II and had not participated in the Social Security program. However, the Navy informed Ms. Lopez that she might be eligible for an annuity for low-income widows of service personnel retirees. The Navy provided her with a fact sheet for that program, an application, and directions about where to file the application, but Ms. Lopez took no further action at that time.

On November 20, 1996, Ms. Lopez wrote to the Navy again, asserting her entitlement to an annuity and other survivors' benefits. She also asserted that she was eligible for an annuity under the Civil Ser-

vice Retirement System (CSRS). The Navy again denied her request for military benefits, and it provided her with the address of the Office of Personnel Management (OPM) where she could pursue her CSRS claim. Subsequently, OPM denied Ms. Lopez's application for CSRS benefits on the ground that it had no record that her husband had performed any qualifying service that would entitle her to benefits.

The Navy subsequently helped Ms. Lopez apply for and obtain benefits under the Annuity for Certain Military Surviving Spouses (ACMSS) program. She was awarded lump sum payments of $3,047.79 in July 1999 and $339.13 in August of 1999. Since September 1, 1999, Ms. Lopez has received monthly payments of $170.66 under the ACMSS program.

In December 1998, Ms. Lopez filed this action in the district court under 28 U.S.C. § 1346(a)(2). After reviewing the survivors' benefit programs applicable to the surviving spouses of servicemembers such as Mr. Lopez, the court concluded that Ms. Lopez was not eligible for an annuity. The court held that she was not entitled to benefits under the Survivor Benefit Plan, 10 U.S.C. §§ 1447 et seq., because Mr. Lopez had not served on active duty during war time. The district court held that she was not entitled to benefits under the Retired Serviceman's Family Protection Plan, 10 U.S.C. §§ 1431 et. seq., because servicemembers who wished to participate in that plan were required to elect coverage, and neither Ms. Lopez nor the Navy produced any records that Mr. Lopez had elected to participate in the plan. With respect to Ms. Lopez's claim to various lump-sum benefits directly related to her husband's death, the court held that the six-year statute of limitations for claims against the government, 28 U.S.C. § 2401(a)(1), barred those claims, which

accrued at the time of her husband's death in 1969.

### DISCUSSION

Ms. Lopez first argues that the district court did not address her CSRS and Social Security claims. With regard to her CSRS claim, OPM is charged with administering the program of benefits under the CSRA, 5 U.S.C. § 8347(a), and appeals from OPM decisions on CSRA claims must be taken to the Merit Systems Protection Board, not to a district court, 5 U.S.C. § 8347(d)(1). *See United States v. Fausto,* 484 U.S. 439, 454, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) ("[W]e find that under the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an 'appropriate authority' to review an agency's personnel determination."); *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 773–75, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). With regard to the Social Security claim, Ms. Lopez has not introduced any evidence that Mr. Lopez participated in the Social Security program in a manner entitling her to benefits.

With regard to her death benefit claims, Ms. Lopez argues that applying the six-year federal statute of limitations to her violated the Constitution. We understand Ms. Lopez's argument to be that the statute of limitations, as applied to her, is unconstitutional under the equal protection component of the Due Process Clause of the Fifth Amendment. *See Bolling v. Sharpe,* 347 U.S. 497, 499–500, 74 S.Ct. 693, 98 L.Ed. 884 (1954). Her informal brief, however, offers no basis for finding the statute of limitations unconstitutional, either on its face or as applied in this case.

As the sovereign, the United States cannot be sued in its own courts unless Congress explicitly authorizes such suit. *See United States v. Sherwood,* 312 U.S. 584,

586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). "A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983). One of those conditions is the statute of limitations, which reflects Congress's decision to waive sovereign immunity only if suit is brought within a particular period of time. *See Soriano v. United States,* 352 U.S. 270, 273, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Congress's decision to condition certain claims against the United States by limiting them to claims initiated within six years of accrual clearly has a rational basis. "Statutes of limitation ... are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.,* 321 U.S. 342, 348–9, 64 S.Ct. 582, 88 L.Ed. 788 (1944). Furthermore, "[a] time not unreasonably short for the beginning of actions may be fixed by the legislature, having in view particular conditions without violating the due process clause." *Ky. Union Co. v. Kentucky,* 219 U.S. 140, 156–57, 31 S.Ct. 171, 55 L.Ed. 137 (1911). Ms. Lopez has not offered any reason to conclude that the six-year statute of limitations, either in general or as applied in her case, was so short as to deprive her of due process, or that its application to her violated principles of equal protection.

■ Ms. Lopez further contends that the district court erred by failing to recognize her claim of excusable neglect, which she argues should toll the statute of limitations as applied to her. She did not offer the district court any reason to believe that she was unable to file her action on a timely basis. There was therefore no basis on which the district court could have concluded that tolling the limitations period would be appropriate.

Finally, to the extent that Ms. Lopez means to challenge the district court's analysis of her claim for an annuity under the Survivors Benefit Plan and the Retired Serviceman's Family Protection Plan, we reject that challenge for the reasons given by the district court.