**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-60376
(Summary Calendar)

ANNE M. ROGERS,                                                    Petitioner - Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,                      Respondent - Appellee.

Appeal from the United States Tax Court
(No. 18692-99)

November 21, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Anne M. Rogers ("Rogers") appeals from the tax court's decision in favor of

appellee, the Commissioner of Internal Revenue ("CIR"). For the following reasons, we affirm.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Rogers failed to file tax returns for the 1996 and 1997 tax years. As a result, the only taxes

she paid for those years were taxes withheld by her employer. On September 21, 1999, the CIR issued

a Notice of Deficiency to Rogers stating that she had understated her tax liability and asserting

penalties. Rogers filed a petition with the tax court contesting the deficiencies and penalties on various

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

constitutional and statutory grounds. The tax court decided the matter against Rogers and she subsequently appealed.

## STANDARD OF REVIEW

Because Rogers's appeal addresses questions of law, we review the decision of the tax court de novo. Woodfield v. Bowman, 193 F.3d 354, 358 (5th Cir. 1999).

## DISCUSSION

Rogers first argues that section 1(d) of the Internal Revenue Code (the "Code"), I.R.C. § 1(d) (West 2001), only applies to government employees. However, this is incorrect. Section 1(d) applies to *all* married individuals who do not jointly file with their spouses. Id. Rogers next contends that even if section 1(d) does cover private employees, as applied to her by the CIR, it violates the equal protection component of the Fifth Amendment. Bolling v. Sharpe, 347 U.S. 497, 498-99 (1954) (recognizing that the Fifth Amendment contains the protections afforded by the Equal Protection Clause of the Fourteenth Amendment). She maintains that because section 1(d) taxes government employees and private employees equally, while government employees receive benefits to which she is not entitled, it is unconstitutional. In essence, she asserts that the government must tax its employees at a higher rate or provide her with the same benefits it gives its employees. This argument is meritless.

Statutory classifications affecting economic interests must only survive a rational basis test. Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983). "Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes." Id. The government provides benefits to its employees in exchange for their services. While Rogers is correct that this amounts to a monetary benefit, it is a benefit earned by the individual. The government is not required to provide

2

benefits for individuals not employed by it, and the government is certainly not required to tax its employees at a higher rate because it provides benefits to its employees.  It is true that Congress exempts such benefits from taxation; however, the same exemption is made available to private employees.  E.g., I.R.C. § 106(a) (West 2001) ("[G]ross income of an employee does not include employer-provided coverage under an accident or health plan.").  Nevertheless, Rogers asserts that she is being treated differently than federal employees because she is not able to obtain similar benefits from her employer.  Again, the obvious and rational basis for the government's provision of benefits to its employees, and not other individuals, is the need to compensate individuals working for the government.

Rogers next contends that the Code deprives her of equal protection by subjecting her to the same rate of taxation as artificial entities, such as a trust or an estate.  This argument is also without merit, as she pays a lower rate of tax than these entities.  Compare I.R.C. § 1(d) with § 1(e). Moreover, contrary to Rogers's protestations, just because Congress may make certain distinctions among taxable entities and individuals, does not mean that the contrapositive is true-- that Congress is required to make such distinctions.  Regan, 461 U.S. at 547.

Rogers also argues that the Code violates the Takings Clause of the Fifth Amendment.  She asserts that the she is being deprived of her property through taxation.  However, Congress's exercise of its taxing power does not constitute a taking under the Fifth Amendment.  E.g., Coleman v. Comm'r of Internal Revenue, 791 F.2d 68, 70 (7th Cir. 1986) ("[T]he general tax levied by the Internal Revenue Code does not offend the Fifth Amendment.").

Rogers further contends that her due process rights have been violated because her fundamental right to contract with her employer has been infringed upon.  The burden is on Rogers

3

to prove a due process violation by showing that Congress has acted in an arbitrary and irrational way. Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 (1976). We are strained to understand how her right to contract with her employer is violated by the imposition of taxes. Moreover, she certainly has not shown that Congress acted in an arbitrary and capricious manner when it determined that Rogers should be subject to the same rate of taxation as other married individuals filing separate returns.

Finally, Rogers asserts that the tax court erred by not reducing the amount of the deficiency to reflect payments made through withheld taxes. Because Rogers did not raise this contention at the trial level, it has been waived.[1]

## CONCLUSION

Accordingly, we AFFIRM the tax court's decision that Rogers is liable for the taxes and penalties assessed by the CIR.

---

[1] Moreover, we note that even if she did not waive this argument, it too is without merit. The CIR determines the amount of a deficiency by assessing the total amount due and subtracting the amount shown on an individual's return. I.R.C. § 6211(a) (West 2001). Because Rogers did not file a return, the deficiency reflected the total yearly amount due. This does not mean that Rogers will be required to pay the entire amount. Upon assessment, she will be credited in the amount of her withheld taxes in accordance with the Code. I.R.C. §§ 31, 6201 (West 2001).