T.C. Memo. 2003-21


UNITED STATES TAX COURT


CHARLIE LAWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13979-99.                    Filed January 22, 2003.


Charlie Laws, pro se.

<u>Monica D. Armstrong</u>, for respondent.


MEMORANDUM OPINION


PAJAK, <u>Special Trial Judge</u>:  Respondent determined a deficiency of $2,505 in petitioner's Federal income tax for the taxable year 1997.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This Court must decide (1) whether an amount received by petitioner as a disability retirement annuity is includable in gross income, and (2) whether Social Security payments received by petitioner are includable in gross income.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Atlanta, Georgia, at the time he filed his petition.

Petitioner was born on February 7, 1913. Petitioner retired in 1962. Petitioner timely filed his 1997 Federal income tax return (1997 return). He reported adjusted gross income of $14,375 on his 1997 return. This amount consisted solely of interest income.

Attached to the 1997 return was a Form 1099R, Statement of Annuity Paid, from the Office of Personnel Management Retirement Programs, which indicated that petitioner received a gross retirement annuity in the amount of $13,296 in 1997. This amount was not reported on petitioner's 1997 return. According to a November 7, 1967, letter from the United States Civil Service Commission, petitioner's retirement annuity under the Civil Service Retirement Act was based on his being declared totally disabled from his position as Special Delivery Messenger, Post Office Department. The nature of petitioner's disability was listed as industrial blindness.

Petitioner also received $8,241 of Social Security benefits

in 1997.  This amount was not reported on petitioner's 1997 return.

Respondent determined that petitioner failed to report the disability retirement annuity and a portion of his Social Security benefits on his 1997 return.

Petitioner argues generally that the disability retirement annuity is not taxable.  In his words:  "If I live above the bridge, if I have to pay tax, let the man under the bridge pay tax."  He asserts age discrimination in that he claims a 54 year old does not have to pay tax whereas a 74 year old person must pay tax.  Petitioner does not cite any sections of the Internal Revenue Code to support his position.  We do not find any age discrimination provisions in the applicable statutes cited below. It is clear based on the record before us that the disability retirement annuity is excludable from gross income only if the requirements of section 104(a)(3) are met.

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived.  Exclusions from income are a matter of legislative grace and are construed narrowly.  Commissioner v. Schleier, 515 U.S. 323, 328 (1995).  Taxpayers generally bear the burden of proving that they are entitled to exclude amounts claimed.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111 (1933).  Petitioner does not contend that the burden of proof is on respondent under

section 7491.

Section 104(a)(3) excludes from gross income amounts received by an employee "through accident or health insurance * * * for personal injuries or sickness" except to the extent such amounts are (A) attributable to contributions made by the employer which were not includable in the gross income of the employee, or (B) paid by the employer.  Thus, petitioner may exclude the disability payments under section 104(a)(3) if the payments were attributable to contributions made by his employer which were included in petitioner's gross income.  Sec. 104(a)(3).  Similarly, petitioner may exclude disability payments if he paid the premiums for the disability policy.  Id.  Section 105(a) is essentially the mirror image of section 104(a)(3), and, subject to two exceptions not applicable in this case, includes in the gross income of an employee amounts received through accident or health insurance for personal injuries or sickness to the extent such amounts are (A) attributable to contributions by the employer which were not includable in the gross income of the employee, or (B) are paid by the employer.

Petitioner failed to establish that the disability annuity payment he received in 1997 was attributable solely to contributions he made under the disability plan or that the disability payments were not attributable in whole or part to contributions by his employer.  Miley v. Commissioner, T.C. Memo. 2002-236.  Likewise, there is no evidence that the contributions

from petitioner's employer were included in petitioner's income. Id. Therefore, petitioner is not entitled to exclude the disability retirement annuity from gross income under section 104(a)(3). Accordingly, we sustain respondent's determination that petitioner's disability retirement annuity received in 1997 is includable in his gross income.

Respondent also contends that petitioner failed to include in gross income a portion of the Social Security benefits he received in 1997.

Section 86(a) requires the inclusion of a portion of Social Security benefits in gross income when the sum of the recipient's modified adjusted gross income plus one-half of the Social Security benefits exceeds certain threshold amounts. In the case of a single taxpayer, when this sum exceeds $25,000, the lesser of 50 percent of such excess or 50 percent of the Social Security benefits received during the taxable year must be included in gross income. Sec. 86(a)(1), (c)(1)(A). Under section 86, modified adjusted gross income in general equals adjusted gross income with adjustments not relevant here. Sec. 86(b)(2).

Petitioner had modified adjusted gross income in 1997 in excess of $25,000. Therefore, a portion of his Social Security benefits is taxable. Accordingly, we sustain respondent's determination that petitioner's gross income includes a portion

of the respective Social Security disability benefits he received during the taxable year in issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.