T.C. Summary Opinion 2003-84

UNITED STATES TAX COURT

CHARLIE LAWS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5815-02S.                    Filed June 24, 2003.

Charlie Laws, pro se.

<u>Travis Vance III</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,187 in petitioner's

_____

    [1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

1999 Federal income tax.  The issues are whether petitioner must include in gross income (1) a distribution received from an annuity and (2) Social Security benefits.  Petitioner resided in Atlanta, Georgia, at the time the petition was filed.

## Background

Petitioner retired from the U.S. Post Office on April 1, 1962, as totally disabled.  Since 1962, petitioner has received payments under a disability retirement annuity administered by the Office of Personnel Management (OPM).  For the taxable year 1999, OPM issued a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to petitioner indicating a distribution of $13,740.  The Social Security Administration also issued a Form 1099-SSA to petitioner indicating Social Security benefits of $8,526.  In preparing his 1999 Federal income tax return, petitioner failed to include the annuity payments and the Social Security benefits in his gross income.  Upon examination, respondent concluded that the annuity payments and Social Security benefits are includable in petitioner's gross income.

## Discussion

Annuity Payments

We have already explored the statutory bases for the tax treatment of annuity payments and Social Security benefits with respect to petitioner in Laws v. Commissioner, T.C. Memo. 2003-

21, and we see no reason to restate those here.  Suffice it to say, we adhere to our opinion in that case.

There is one argument that petitioner makes here that we did not specifically address in our prior opinion.  Petitioner requests "the Court to give an opinion or rule that the decision is discriminatory; they discriminate on age.  If you're a young man, it's [petitioner's annuity payment] not taxable before 65, but if you're an old man, after 65, it [petitioner's annuity payment] becomes taxable."  We characterize petitioner's argument as a Fifth Amendment challenge; specifically, that the tax violates the equal protection component of the Due Process Clause of the Fifth Amendment.[2]

The taxes on petitioner's annuity payments and Social Security benefits, however, do not "interfere with the exercise of a fundamental right, such as freedom of speech, or employ a suspect classification, such as race."  Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983).  Age classification is not a suspect classification for equal protection analysis.  Vance v. Bradley, 440 U.S. 93, 97 (1979); Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312-314 (1976).  Accordingly, our review is limited to whether there is a rational basis for the

---

[2]  The Due Process Clause has been construed as imposing an equal protection requirement in respect of classification to the extent that "discrimination [resulting from such classification] may be so unjustifiable as to be violative of due process."  Bolling v. Sharpe, 347 U.S. 497, 499 (1954).

differentiation between the two groups; i.e., whether the classification bears a reasonable relationship to a legitimate governmental purpose. See <u>Dandridge v. Williams</u>, 397 U.S. 471 (1970).[3]

The legitimate governmental purpose for a 65-year-old to pay tax on disability payments, while those under the age of 65 do not, is "to grant a tax benefit to persons receiving disability pay when they would normally have been at work." <u>Ruggere v. Commissioner</u>, 78 T.C. 979, 987 (1982). After the retirement age, "there is no meaningful distinction between continued disability payments and normal pension payments". <u>Id.</u> at 985. The classification is reasonably related to the Government's purpose and is constitutionally valid.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[3] Notably, legislatures have especially broad latitude in creating classifications and distinctions in tax statutes. <u>Regan v. Taxation With Representation</u>, 461 U.S. 540, 547 (1983).