United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-30907

EDUARDO FERNANDEZ,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before SMITH and STEWART, Circuit Judges, and HANEN,[*] District Judge.

PER CURIAM:[**]

Eduardo Fernandez challenged a determination by the Social Security Commissioner that his retirement benefits should be reduced under the Windfall Elimination Provision ("WEP"), 42 U.S.C. § 415(a)(7), on the bases that, alternatively, the provision does not apply to him, the provision is an unconstitutional deprivation of property, the provision is an ex post facto law, or the Commissioner's interpretation of the provision is unconstitutional under the Fifth Amendment. The district court rejected all of Fernandez's challenges to the reduction, and we affirm the district court's ruling.

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL HISTORY

Fernandez was born on December 19, 1926, and attained the age of sixty-five in 1991. Also in 1991, he started receiving federal social security retirement ("RSI") benefits based on his employment between 1970 and 1982. In 2000, he began receiving additional retirement benefits from a pension plan based on his employment between 1978 and 1999 for the State of Louisiana. The Commissioner of Social Security notified Fernandez in 2002 that his RSI benefits were being permanently reduced under the WEP because of his pension benefits and that his RSI benefits would be temporarily reduced even further to compensate for the overpayments that Fernandez received from 2000 until the application of the WEP to him in 2002.

Fernandez appealed this reduction to an administrative law judge who denied his claims. He appealed that decision to the Appeals Council, which has not yet ruled on his claim.[1] Fernandez filed suit in federal court on September 5, 2003. In 2005, a magistrate judge recommended that Fernandez's suit be dismissed, and the district court agreed. Fernandez filed a timely appeal with this court.

## II. DISCUSSION

In 1983 Congress enacted 42 U.S.C. § 415(a)(7), the WEP, which provided that the "primary insurance amount" of certain individuals entitled to benefits must be "computed or recomputed" in accordance with § 415(a)(7)(B). The relevant parts of the provision apply to any individual who:

(i) attains age 62 after 1985 . . .

and who first became eligible after 1985 for a monthly periodic payment . . . which

is based in whole or in part upon his or her earnings for service which did not

---

[1]The district court waived the exhaustion requirement, and that issue is not before this court.

constitute "employment," as defined in section 410 of this title for purposes of this subchapter.

The WEP therefore "applies to any individual who earned both covered and noncovered wages. The WEP was enacted to eliminate the windfall such an individual would enjoy in the absence of such a provision." *Das v. Dep't of Health and Human Servs.*, 17 F.3d 1250, 1253 (9th Cir. 1994).

Fernandez's first contention is that the WEP does not apply to him because he satisfied all the requirements necessary to earn RSI benefits before the WEP was enacted. Fernandez asserts that in order for the WEP to retroactively restrict his benefits, there must be a provision that specifically mentions those already eligible for benefits but who have not yet reached the required age. The WEP applies if, prior to 1986, an individual had not yet reached the age of sixty-two, regardless of whether or not the individual qualified to receive RSI benefits upon retirement age prior to the enactment of the WEP. The eligibility provision applies directly to Fernandez who turned sixty-two after 1985 and became eligible after 1985 for a retirement benefit that was not based on employment eligible for RSI benefits. Therefore, Fernandez's benefits were correctly reduced according to the provisions of the WEP.

Fernandez next argues that the WEP is an unconstitutional deprivation of property because his right to RSI benefits had vested. This court has rejected attacks on the retroactive application of social security benefit changes, holding that "social security benefits [ ] are not contractual and may be altered or even eliminated at any time" and that an individual has "no vested property or contractual rights in social security benefits." *Brown v. Apfel*, 192 F.3d 492, 497 (5th Cir. 1999); *see also Flemming v. Nestor*, 363 U.S. 603, 611 (1960). Nor do we find persuasive Fernandez's contention that the RSI benefits are substantively different than the Supplemental Security Income

3

benefits at issue in *Brown*. The WEP does not constitute an unconstitutional taking of property or a breach of contract by the U.S. government.

Fernandez also contests the reduction of his benefits because the reduction is an ex post facto law. The prohibition against ex post facto laws applies only to laws that are criminal or penal in nature. *See, e.g., Smith v. Doe*, 538 U.S. 84, 92 (2003). The Social Security Act is not criminal or penal as applied to Fernandez. Thus, Fernandez has not made out a valid claim that the application of the WEP to his benefits violates the constitutional prohibition against ex post facto laws.

Finally, Fernandez argues that the Commissioner's interpretation of the WEP is discriminatory[2] and results in the WEP being unconstitutional as applied to him. Fernandez contends that the Commissioner interprets the WEP as applying only to those who were eligible for RSI benefits before 1986 and not applying to those who were eligible for private pension benefits before 1986. However, Fernandez's description of the Commissioner's interpretation is incorrect.

The Commissioner has interpreted the WEP as applying if a person has not met all the prerequisites, including the age prerequisite, necessary to receive benefits.[3] The WEP does apply to those who are eligible for benefits in a non-covered pension system, regardless of when they became eligible, if they did not reach the age of retirement before January 1, 1986. *See, e.g., Stroup v. Barnhart*, 327 F.3d 1258 (11th Cir. 2003) (applying the WEP to a former police officer who was

_____

[2]Although "the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'" *Schneider v. Rusk*, 377 U.S. 163, 168 (1964) (quoting *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)).

[3]While this court has not ruled specifically on the validity of this interpretation of the WEP in a published opinion, we accept as persuasive precedent the Ninth Circuit's decision in *Das*, 17 F.3d at 1255-56, and note that as long as the Commissioner's interpretation is reasonable, it is entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 844 (1984).

eligible for pension benefits prior to 1986 and only qualified for RSI benefits after 1985). For the WEP to be in inapplicable to a specific case, a person must have had a *present* right to receive benefits before 1986, regardless of whether that person is covered by Social Security or a private pension fund. Because those who were covered under private pension systems before 1986 and those covered under RSI benefits before 1986 are treated identically under the Commissioner's interpretation of the WEP, there is no discrimination of the kind Fernandez alleges and thus no Fifth Amendment claim.

## III. CONCLUSION

For the above reasons, we AFFIRM the district court's dismissal of Fernandez's claims.